**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLORADO**

CIVIL ACTION NO.

MARILEE HELM; JUNE MOSES; RHONDA HAYNES; DONNA FORNEY, INDIVIDUALLY AND AS PARENT AND NATURAL GUARDIAN OF D.F., MINOR CHILD; PATRICIA PIERCE; DAMARIS WALLACE; ALFREDO K. GARCIA, INDIVIDUALLY AND AS PARENT AND NATURAL GUARDIAN OF T.G., MINOR CHILD; LAURA GARCIA; HERMILIA ESCAMILLA; MERRISSERE LOVETT; LUSHANDA LEVERETTE; ERICKALYNN DONALDSON, INDIVIDUALLY AND AS PARENT AND NATURAL GUARDIAN OF A.G., G.M., AND E.D., MINOR CHILDREN; CHARLES GOULD; MELISSA W. SPENCER-NGUYEN, INDIVIDUALLY AND AS PARENT AND NATURAL GUARDIAN OF M.S., MINOR CHILD; LESTER BOST; DELDINA BORJAS SOLER; SYLVIA GARCIA; DANIEL GARCIA; MARLY LABORDE; DAVID COWLES; MARK LABORDE; PAULA POWERS-SCHILHAB; ROGER HOLABECK; KEISHA V. GRIFFIN, INDIVIDUALLY AND AS PARENT AND NATURAL GUARDIAN OF K.G., MINOR CHILD; KENT WASHINGTON; ETHYLIN WASHINGTON; WILLIAM S. ADAMS, INDIVIDUALLY AND AS PARENT AND NATURAL GUARDIAN OF E.A., MINOR CHILD; MICHELLE R. FRIZZELL-THOMPSON, INDIVIDUALLY AND AS PARENT AND NATURAL GUARDIAN OF S.T. AND D.T., MINOR CHILDREN; JUSTIN FRIZZELL; MICHELLE FRIZZELL-THOMPSON; DWIGHT HUNNICUTT;

GEEHAE MOTHERSHED; MATTHEW TRUJILLO; VALENTINO TRUJILLO; BERNADETTE TRUJILLO; MICHELLE DZIDUCH; BEULAH DZIDUCH; JOYCE SEAMAN; EDWARD GARCIA; JOSEFINA GARCIA; ELLA BRYANT; ROBERT NEWBORN; DONNA PARADIS; CATHERINE LINA; VALERIE HOLUB; MEGAN SOURS, INDIVIDUALLY AND AS PARENT AND NATURAL GUARDIAN OF C.S., A.S., AND H.S., MINOR CHILDREN; DRAKE FERJAK; BRENDA FERJAK; STUART HETZLER; EMILY HETZLER; JOHN HETZLER; ROBERTA NAGEL; JAMES NAGEL; KEVIN JACKSON, INDIVIDUALLY AND AS PARENT AND NATURAL GUARDIAN OF T.J., MINOR CHILD; LYNN WATTERS; EVELYN KOCSIS; VALARIE HARRIS; KELLY CHAMBERS; MARGARET DARNELL; YANNA HUNTER; NICOLE OLDFATHER; ELIZABETH HOLLINGSWORTH; MARK OLDFATHER; CHERYL OLDFATHER; DANNY THOMPSON; CHRISTINA THOMPSON; MATTHEW SCHRANK; JAMI GRANGRUTH; TIM SCHRANK; LINDA SHELL; GEORGE SHELL; GRALYN SURRATT; SHARON SURRAT; JASON P. SMITH, INDIVIDUALLY AND AS PARENT AND NATURAL GUARDIAN OF L.S. AND E.S., MINOR CHILDREN; JAIME SMITH; SHERRI BURTON; PATRICIA NELSON; BRUCE NELSON; DAVID LEE; TIMOTHY MORRISON; SANDRA BICKNELL; VANESSA HAZARD; LEONARD CAHALL; TIMOTHY NORTHERN; GIANNA HERMANN; KAYLA HERMANN; BONNIE HERMAN; ANGELA ESPINOZA; LINDA ESPINOZA; SUSAN WILSON; MARY DILLS; EDUARDO AYUSO; GLORIA AYUSO;

SANDRA VOSSLER; KENNETH VOSSLER; MICHAEL BROOK; JULIAN HALL; JOLENE SMITH; DESIRREE MORFITT-SHUMWAY; SHERRY MORFITT-SHUMWAY; GERALD AGANON; CYNTHIA MANISCALCO; MORRIS MANISCALCO; ANGELA HOYLE; ANNE STRASNER; MAURICE DELAGE; JOHN VAN WYNGAARDAN; SARAH BIRKS; ROBERT FOLLOWELL; ANTOINETTE DELL'AQUILA; JEFFERY HALLIGAN; BERNIE MARCH; JORDAN HOYLE; CHARLES HOYLE, JR.; IOLANDA RUSSELL; GREGORY MILLER; STEPHEN GARCIA; LUZ GARCIA; MICHAEL SPECK; LAWRENCE ROCHA; NADA ROCHA; DAVID M. PHILLIPS, INDIVIDUALLY AND AS PARENT AND NATURAL GUARDIAN OF S.P., MINOR CHILD; MARLENE ROMERO-PHILLIPS; DAKOTA PHILLIPS; CHRISTINE MCDONALD, INDIVIDUALLY AND AS PARENT AND NATURAL GUARDIAN OF C.M. AND T.M., MINOR CHILDREN; BENNY RIVERA; ANGELIKA ROWE; JOHNNY ROWE; CHRISTINE LEMERE; JOSEPH LEMERE; JANET SILVIS; TOM SILVIS; ESTHER VILLARREAL; RUTH HAMBLY; DANIEL HAMBLY; TRAVIS BAKER; DOLORES CARLSON; GLENN CARLSON; EMMANUEL GBOBI; ADEBOLA GBOBI-EMMANUEL; MATTHEW WHITTAKER; EDWARD WHITTAKER; MARCIA WHITTAKER, INDIVIDUALLY AND AS PARENT AND NATURAL GUARDIAN OF S.W. AND C.W. MINOR CHILDREN; IAN WHITTAKER; MARY LAMOTTE; DANNY LAMOTTE; CHERI PATTON; RICHARD FLORES; DONNA FLORES; JAIMESON JONES; STEPHANIE WILSON; CHRISTOPHER WILSON; KARL NATHANIEL; JOEL JENKINS; SUZAN

JENKINS; SHELIA KLARIC; GEORGE KLARIC; TONEE KINNAMON; RICHARD STUCKEY, JR.; MICHAEL OWENS, INDIVIDUALLY AND AS PARENT AND NATURAL GUARDIAN OF I.O., A.O., AND J.O., MINOR CHILDREN; WAYNE ROCKENSOCK; SANDRA ROCKENSOCK; REBECCA PHILLIPS, INDIVIDUALLY AND AS PARENT AND NATURAL GUARDIAN OF A.P., E.P., O.P., MINOR CHILDREN; LAURA BAEZDIAZ; PATRICK HUMPHREY; DANIEL REGIS, INDIVIDUALLY AND AS PARENT AND NATURAL GUARDIAN OF C.R., MINOR CHILD; ASHLEY MARQUARDT; JOHN MARQUARDT; JAMES MOORE, JR.; CHRISTINE KANDER; TODD ABRAHAMSON; JANE HILTON; PAULA LANGFORD; JEFFERY LANGFORD; KRISSANDRA WRIGHT; NANNETTE GRACIN; TAMMY FOGELL; AND LAWRENCE FOGELL, JR.,

*Plaintiffs*,

v.

THE 3M COMPANY, f/k/a Minnesota Mining and Manufacturing, Co.; TYCO FIRE PRODUCTS, L.P., successor in interest to THE ANSUL COMPANY; BUCKEYE FIRE EQUIPMENT CO.; CHEMGUARD; NATIONAL FOAM, INC.; KIDDE FIRE FIGHTING, INC., f/k/a CHUBB NATIONAL FOAM, INC., f/k/a NATIONAL FOAM, INC., individually and as successor in interest to NATIONAL FOAM, INC.; KIDDE PLC, INC., f/k/a WILLIAMS US INC., f/k/a WILLIAMS HOLDINGS, INC., individually and as successor in interest to NATIONAL FOAM, INC.; KIDDE-FENWAL, INC., individually and as successor in interest to NATIONAL FOAM, INC.; and UTC FIRE & SECURITY AMERICAS CORPORATION, INC., f/k/a GE

INTERLOGIX, INC., individually and as
successor in interest to NATIONAL FOAM,
INC.;

*Defendants.*

---

**COMPLAINT AND JURY DEMAND**

---

Plaintiffs, by and through their undersigned counsel, hereby file this Complaint and Jury Demand ("Complaint") against Defendants, THE 3M COMPANY, f/k/a Minnesota Mining and Manufacturing, Co.; TYCO FIRE PRODUCTS L.P.; successor in interest to THE ANSUL COMPANY; BUCKEYE FIRE PROTECTION CO.; CHEMGAURD; NATIONAL FOAM, INC.; KIDDE FIRE FIGHTING, INC., f/k/a CHUBB NATIONAL FOA, INC.; KIDDE PLC, INC., f/k/a WILLIAMS US INC., f/k/a WILLIAMS HOLDINGS, INC., individually and as a successor in interest to NATIONAL FOAM, INC.; KIDDE-FENWAL, INC., individually and as a successor in interest to NATIONAL FOAM, INC.; and UTC FIRE & SECURITY AMERICAS CORPORATION, INC., f/k/a GE INTERLOGIX, INC.; (collectively "Defendants"). Plaintiffs assert personal injury and/or property damage as a result of the contamination of the drinking water supply serving the Cities of Security, Widefield, and parts of Colorado Springs, and complain and allege on personal knowledge as to themselves, and on information and belief as to all other matters, as follows:

**INTRODUCTION**

1. The communities of Fountain, Security, Widefield, parts of Colorado Springs (collectively the "Communities") are all located in El Paso County, Colorado. This complaint is a related action to *Bell, et al., v. The 3M Company, et al*., 16-cv-2351-RBJ.

2. The Communities are located in close proximity to and downgradient of Peterson Air Force Base and the Colorado Springs Municipal Airport, which share one property.

3. The United States Air Force ("USAF") provided firefighting services to the Colorado Springs Municipal Airport, owned by the City of Colorado Springs through a joint use agreement. For purposes of this Complaint, the property of Peterson Air Force Base shall include the property of the Colorado Springs Municipal Airport and shall collectively be referred to as "PAFB."

4. Residents of the Communities receive their potable water either from private wells or from their municipal water provider.

5. The Communities receive municipal drinking water from the City of Fountain Utilities Department, the Security Water and Sanitation District, and the Widefield Water and Sanitation District.

6. The Security Water and Sanitation District provides drinking water to approximately 19,000 residential and business customers.

7. The City of Fountain Utilities Department provides drinking water to approximately 29,000 residential and business customers.

8. The Widefield Water and Sanitation District provides drinking water to approximately 16,000 residential and business customers.

9. On May 2, 2012, the United States Environmental Protection Agency ("USEPA") published its Third Unregulated Contaminant Monitoring Rule ("UCMR3"), requiring public water systems nationwide to monitor for thirty (30) contaminants of concern between 2013 and 2015.

10. As part of the UCMR3, public water systems are required to sample for six perfluorinated compounds ("PFCs"), including perfluorooctanoic acid ("PFOA") and perfluorooctane sulfonate ("PFOS").

11. In October 2015, the USEPA released results from UCMR3 that indicated the Communities' water supplies were contaminated with PFOA and PFOS.

12. Prior to the disclosure of the UCMR3 data, there was no notification to the residents of the Communities that the water was contaminated with PFOA and PFOS.

13. In May 2016, the USEPA established a drinking water health advisory level for PFOA and PFOS and warned that lifetime exposure to PFOA and PFOS over 70 parts per trillion ("ppt") was linked to the development of numerous serious medical conditions.

14. In response to the USEPA's establishment of the 70 ppt health advisory level, the Communities' municipal water providers notified the residents in the Communities of the contamination and took action to reduce the PFOA and PFOS levels in the drinking water, including shutting down wells, obtaining and/or purchasing alternative sources of water, and blending clean water with the contaminated water to lower the PFC level in their customers' water.

15. It was in this same month that Plaintiffs were first made aware that their drinking water was contaminated with PFCs at hazardous levels and were advised to seek alternate drinking water supplies.

16. Among the 63 areas nationwide where the USEPA found PFOA and PFOS exceeding the 70 ppt limit, federal data shows that the Communities exhibit some of the highest levels of contamination.[1]

17. By this time, local newspapers were reporting that federal data showed that the water in all 32 of the Security Water and Sanitation District's municipal wells exhibited PFC

---

[1] Bruce Finley, *Drinking water in three Colorado cities contaminated with toxic chemicals above EPA limits*, DENVER POST, (June 15, 2016 4:08 PM), http://www.denverpost.com/2016/06/15/colorado-widefield-fountain-security-water-chemicals-toxic-epa/.

contamination at levels exceeding the EPA health advisory limit of 70 ppt. At one well, PFC concentration reached 1,370 ppt, nearly 20 times in excess of the EPA health advisory.[2]

18. EPA officials recommended that pregnant women and small children should not drink local water serving the Communities.[3]

19. Subsequent investigations into the contamination were carried out by the United States Army Corps of Engineers on behalf of the USAF and the Colorado Department of Public Health & Environment ("CDPHE") and have uncovered widespread PFC contamination of the groundwater resources for the Communities.[4]

20. These investigations also concluded that the basis for this widespread contamination of the Communities' ground water is decades of use, storage, and disposal of aqueous film-forming foam ("AFFF") at PAFB that contained PFOA and PFOS.

21. The CDPHE horizontally delineated the PFC plumes, designating these plumes as "Areas of Investigation" ("CDPHE Areas of Investigation").

22. Defendants manufactured, sold, and distributed AFFF to PAFB despite their awareness that the inclusion of PFOA and PFOS in AFFF presented an unreasonable risk to human health and the environment and was inherently dangerous.

23. The Defendants also knew that both PFOA and PFOS were highly soluble and mobile in water, highly likely to contaminate water supplies, highly persistent in the environment, and known to bio-accumulate in humans and contribute to the development of

---

[2] *Id.*

[3] *Id.*

[4] Revised Final Preliminary Assessment Report for Perfluorinated Compounds at Peterson Air Force Base El Paso County, Colorado, U.S. Army Corps of Engineers (November 2016), http://www.peterson.af.mil/Portals/15/documents/Public%20Notices/552503_Revised%20Final%20Peterson%20AFB%20PA_11_2016.pdf?ver=2017-05-16-162140-693.

numerous serious health conditions, especially for sensitive receptors such as young children and pregnant and nursing women.

24. The Defendants marketed and sold their products with knowledge that the USAF and PAFB would use large quantities of AFFF containing PFOA and PFOS in training operations and in emergency fire-fighting situations in such a manner that PFOA and PFOS would contaminate the air, soil, and groundwater.

25. The Defendants marketed and sold their products with knowledge that large quantities of AFFF containing PFOA and PFOS would be stored in fire suppressant systems and tanks on USAF Bases and at airports, including PAFB, and that such systems and storage were used and maintained in such a manner that dangerous chemicals would be released into the air, soil, and groundwater.

26. The Defendants failed in their duty to manufacture a product that would not cause widespread harm and in their duty to warn the United States Department of Defense ("DOD"), the USAF, PAFB, the municipal water providers, and the residents in the surrounding Communities of the inherently dangerous properties of their AFFF products.

27. There are over 64,000 residents of the Communities who were exposed to PFOA and PFOS contaminated drinking water from the City of Fountain, the Security Water and Sanitation District, the Widefield Water and Sanitation District, and private wells, all of which obtain groundwater from the CDPHE Areas of Investigation.

28. The Plaintiffs in this complaint are all residents of the cities of Security, Widefield, and of Colorado Springs, Colorado.

**Health Effects of PFOS and PFOA Exposure**

29. Many parties have studied PFOA and PFOS and have concluded that exposure to PFOA and PFOS is associated with the development of numerous serious medical conditions.

30. PFOA, sometimes identified as C8 due to the common presence of eight carbons in the PFOA molecule, was the subject of a study formed out of a class action settlement arising out of water contamination from DuPont's Washington Works located in Wood County, West Virginia.

31. The C8 Science Panel consisted of three epidemiologists specifically tasked with determining whether there was a link between PFOA exposure and human diseases.

32. In 2012, the Panel found probable links between PFOA and kidney cancer, testicular cancer, ulcerative colitis, thyroid disease, pregnancy induced hypertension (including preeclampsia), and hypercholesterolemia.

33. In May 2015, based on concerns about the production and release of PFOA into the environment, scientists and other professionals from a variety of disciplines issued the "Madrid Statement on Poly- and Perfluoroalkyl Substances (PFASs)," a policy statement calling for greater regulation, restrictions, and limits on the manufacture and handling of any PFOA containing product, as well as the development of safe, non-fluorinated alternatives to these products to avoid long-term harm to human health and the environment.

34. In May 2016, the USEPA issued Lifetime Health Advisories advising against lifetime PFOA and PFOS exposure above 70 ppt.

35. The USEPA's 70 ppt limit is designed to protect the population at large from exposure to harmful concentrations of PFOA and PFOS in drinking water above which adverse health effects are anticipated to occur.

36. According to the USEPA Lifetime Health Advisory, the non-cancer adverse health effects observed following exposure to PFOS are the same as those observed with PFOA.

37. Many states, however, have issued lower regulatory limits. For example, Vermont has set a combined level of 20 ppt for PFOA and PFOS and New Jersey has set a maximum contaminant level of 14 ppt for PFOA.

38. On November 10, 2017, California listed PFOA and PFOS as chemicals known to the state to cause reproductive toxicity, pursuant to Proposition 65, The Safe Drinking Water and Toxic Enforcement Act of 1986.

39. Colorado currently follows the USEPA Lifetime Health Advisory level of 70 ppt for combined lifetime exposure to PFOA and PFOS.

40. The CDPHE has acknowledged that the link between PFOA and PFOS exposure and developmental effects has been strengthening, including low birth weight and accelerated puberty. It has also acknowledged that some human studies show that increased exposure may increase the risk for changes in blood cholesterol, liver enzymes, and uric acid levels, which may be linked with an elevated risk of heart disease, liver disease or high blood pressure.[5]

## PLAINTIFF'S EXPOSURE AND DAMAGES

41. Years of ingestion and dermal absorption of contaminated water from the Fountain, Security, and Widefield water districts have exposed unknowing residents of the Communities to PFCs at concentrations hazardous to their health.

42. Plaintiffs have been injured as a result of receiving water with elevated levels of PFCs, including PFOA and PFOS.

---

[5] https://www.colorado.gov/pacific/cdphe/PFCs/health/advisory. (Last visited 4/11/18).

43. Plaintiffs have suffered exposure, bioaccumulation of PFCs in their blood, personal injury, property damage, and the diminution of property values due to PFC contamination of the municipal and private water supplies caused by Defendants' manufacture, distribution, and sale of AFFF.

44. The properties of the Plaintiffs have been damaged due to the presence of PFCs in their homes, soil, surrounding property, and potable water supply.

45. Plaintiffs seek recovery from all Defendants for injuries, damages, and losses suffered by the Plaintiffs, each of whom suffered injuries as a direct and proximate result of exposure to and consumption of PFC-contaminated water from the municipal and private drinking water supplies, in an amount to be determined at trial, exclusive of interest, costs, and attorneys' fees.

## JURISDICTION AND VENUE

46. This Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1332 (a)(1) in that this action is between citizens of different States.

47. This Court has jurisdiction over Defendants pursuant to C.R.S.§ 13-1-124.

48. "Pursuant to 28 U.S.C. § 1332, a federal district court possesses original subject matter jurisdiction over a case when the parties are diverse in citizenship and the amount in controversy exceeds $75,000.00. *See Johnson v. Rodrigues*, 226 F.3d 1103, 1107 (10th Cir. 2000). The value of the case exceeds the jurisdictional threshold value of $75,000.00, exclusive of all interest and costs, taking into account the nature and extent of the injuries and damages sustained by each individual Plaintiff, and the reasonable economic and non-economic injuries and damages sustained by each individual Plaintiff."

49. Venue is proper in this Court pursuant to 28 U.S.C. § 1391(b)(2) because a substantial part of the events or omissions giving rise to the claims asserted herein occurred in the District of Colorado and caused harm to Plaintiffs, all of whom reside in this District.

## PARTIES

50. Plaintiff Marilee Helm currently owns and resides at 6550 Mohican Drive, Colorado Springs, CO 80915. As a result of Marilee Helm's exposure to elevated levels of PFOA, PFOS, and/or PFCs in the drinking water supply, Marilee Helm has elevated levels of PFOA, PFOS, and/or PFCs in plaintiff's blood, and has been diagnosed with High Cholesterol; Pregnancy Problems.

51. Plaintiff June Moses currently resides at 6587 Phantom Way, Colorado Springs, CO 80925. As a result of June Moses's exposure to elevated levels of PFOA, PFOS, and/or PFCs in the drinking water supply, June Moses has elevated levels of PFOA, PFOS, and/or PFCs in plaintiff's blood, and has been diagnosed with High Cholesterol.

52. Plaintiff Rhonda Haynes currently owns and resides at 659 Hailey Glen View, Colorado Springs, CO 80916. As a result of Rhonda Haynes's exposure to elevated levels of PFOA, PFOS, and/or PFCs in the drinking water supply, Rhonda Haynes has elevated levels of PFOA, PFOS, and/or PFCs in plaintiff's blood, and has been diagnosed with High Cholesterol; Ulcerative Colitis.

53. Plaintiff Donna Forney currently resides at 6610 Provincial Dr, Fountain, CO 80817. As a result of Donna Forney's exposure to elevated levels of PFOA, PFOS, and/or PFCs in the drinking water supply, Donna Forney has elevated levels of PFOA, PFOS, and/or PFCs in plaintiff's blood, and has been diagnosed with High Cholesterol.

54. Plaintiff Patricia Pierce currently resides at 6615 President Avenue, Colorado Springs, CO 80911. As a result of Patricia Pierce's exposure to elevated levels of PFOA, PFOS, and/or PFCs in the drinking water supply, Patricia Pierce has elevated levels of PFOA, PFOS, and/or PFCs in plaintiff's blood.

55. Plaintiff Damaris Wallace currently owns and resides at 6631 Lemhi Drive, Colorado Springs, CO 80911. As a result of Damaris Wallace's exposure to elevated levels of PFOA, PFOS, and/or PFCs in the drinking water supply, Damaris Wallace has elevated levels of PFOA, PFOS, and/or PFCs in plaintiff's blood, and has been diagnosed with High Cholesterol; Thyroid Problems.

56. Plaintiff Alfredo K. Garcia, individually and as parent and natural guardian of T.G., currently resides at 6633 Ancestra Dr, Fountain, CO 80817 with minor child T.G. As a result of their exposure to elevated levels of PFOA, PFOS, and/or PFCs in the drinking water supply, Alfredo K. Garcia and T.G. have elevated levels of PFOA, PFOS, and/or PFCs in their blood, and Alfredo K. Garcia has been diagnosed with Ulcerative Colitis.

57. Plaintiff Laura Garcia currently resides at 6633 Ancestra Dr, Fountain, CO 80817. As a result of Laura Garcia's exposure to elevated levels of PFOA, PFOS, and/or PFCs in the drinking water supply, Laura Garcia has elevated levels of PFOA, PFOS, and/or PFCs in plaintiff's blood.

58. Plaintiff Hermilia Escamilla currently owns and resides at 6640 DeFoe Place, Colorado Springs, CO 80911. As a result of Hermilia Escamilla's exposure to elevated levels of PFOA, PFOS, and/or PFCs in the drinking water supply, Hermilia Escamilla has elevated levels of PFOA, PFOS, and/or PFCs in plaintiff's blood.

59. Plaintiff Merrissere Lovett currently owns and resides at 665 Fleming Street, Colorado Springs, CO 80911. As a result of Merrissere Lovett's exposure to elevated levels of PFOA, PFOS, and/or PFCs in the drinking water supply, Merrissere Lovett has elevated levels of PFOA, PFOS, and/or PFCs in plaintiff's blood, and has been diagnosed with High Cholesterol; Thyroid Problems.

60. Plaintiff Lushanda Leverette currently resides at 665 Winebrook Way, Fountain, CO 80817. As a result of Lushanda Leverette's exposure to elevated levels of PFOA, PFOS, and/or PFCs in the drinking water supply, Lushanda Leverette has elevated levels of PFOA, PFOS, and/or PFCs in plaintiff's blood.

61. Plaintiff Erickalynn Donaldson, individually and as parent and natural guardian of A.G., currently resides at 6670 S US-85-87, Fountain, CO 80817 with minor child A.G. As a result of their exposure to elevated levels of PFOA, PFOS, and/or PFCs in the drinking water supply, Erickalynn Donaldson and A.G. have elevated levels of PFOA, PFOS, and/or PFCs in their blood, and Erickalynn Donaldson has been diagnosed with High Cholesterol; Thyroid Problems.

62. Plaintiff Erickalynn Donaldson, individually and as parent and natural guardian of G.M., currently resides at 6670 S US-85-87, Fountain, CO 80817 with minor child G.M. As a result of their exposure to elevated levels of PFOA, PFOS, and/or PFCs in the drinking water supply, Erickalynn Donaldson and G.M. have elevated levels of PFOA, PFOS, and/or PFCs in their blood, and Erickalynn Donaldson has been diagnosed with High Cholesterol; Thyroid Problems.

63. Plaintiff Erickalynn Donaldson, individually and as parent and natural guardian of E.D., currently resides at 6670 S US-85-87, Fountain, CO 80817 with minor child E.D. As a

result of their exposure to elevated levels of PFOA, PFOS, and/or PFCs in the drinking water supply, Erickalynn Donaldson and E.D. have elevated levels of PFOA, PFOS, and/or PFCs in their blood, and Erickalynn Donaldson has been diagnosed with High Cholesterol; Thyroid Problems.

64. Plaintiff Charles Gould currently resides at 6670 S US-85-87, Fountain, CO 80817. As a result of Charles Gould's exposure to elevated levels of PFOA, PFOS, and/or PFCs in the drinking water supply, Charles Gould has elevated levels of PFOA, PFOS, and/or PFCs in plaintiff's blood.

65. Plaintiff Melissa W. Spencer-Nguyen, individually and as parent and natural guardian of M.S., currently resides at 6671 Phantom Way, Colorado Springs, CO 80925 with minor child M.S. As a result of their exposure to elevated levels of PFOA, PFOS, and/or PFCs in the drinking water supply, Melissa W. Spencer-Nguyen and M.S. have elevated levels of PFOA, PFOS, and/or PFCs in their blood, and Melissa W. Spencer-Nguyen has been diagnosed with High Cholesterol.

66. Plaintiff Lester Bost currently resides at 6671 Phantom Way 80925, Colorado Springs, CO 80925. As a result of Lester Bost's exposure to elevated levels of PFOA, PFOS, and/or PFCs in the drinking water supply, Lester Bost has elevated levels of PFOA, PFOS, and/or PFCs in plaintiff's blood.

67. Plaintiff Deldina Borjas Soler currently resides at 6676 Provincial, Fountain, CO 80817. As a result of Deldina Borjas Soler's exposure to elevated levels of PFOA, PFOS, and/or PFCs in the drinking water supply, Deldina Borjas Soler has elevated levels of PFOA, PFOS, and/or PFCs in plaintiff's blood.

68. Plaintiff Sylvia Garcia currently resides at 6679 Fielding Circle, Colorado Springs, CO 80911. As a result of Sylvia Garcia's exposure to elevated levels of PFOA, PFOS, and/or PFCs in the drinking water supply, Sylvia Garcia has elevated levels of PFOA, PFOS, and/or PFCs in plaintiff's blood.

69. Plaintiff Daniel Garcia currently owns and resides at 6679 Fielding Circle, Colorado Springs, CO 80911. As a result of Daniel Garcia's exposure to elevated levels of PFOA, PFOS, and/or PFCs in the drinking water supply, Daniel Garcia has elevated levels of PFOA, PFOS, and/or PFCs in plaintiff's blood.

70. Plaintiff Marly Laborde currently resides at 6680 Brook Forest Dr, Colorado Springs, CO 80911. As a result of Marly Laborde's exposure to elevated levels of PFOA, PFOS, and/or PFCs in the drinking water supply, Marly Laborde has elevated levels of PFOA, PFOS, and/or PFCs in plaintiff's blood.

71. Plaintiff David Cowles currently resides at 6680 Brook Forest Dr., Security, CO 80911. As a result of David Cowles's exposure to elevated levels of PFOA, PFOS, and/or PFCs in the drinking water supply, David Cowles has elevated levels of PFOA, PFOS, and/or PFCs in plaintiff's blood.

72. Plaintiff Mark Laborde currently resides at 6680 Brook Forest Dr., Security, CO 80911. As a result of Mark Laborde's exposure to elevated levels of PFOA, PFOS, and/or PFCs in the drinking water supply, Mark Laborde has elevated levels of PFOA, PFOS, and/or PFCs in plaintiff's blood.

73. Plaintiff Paula Powers-Schilhab currently resides at 6690 Brookforce Drive, Colorado Springs, CO 80911. As a result of Paula Powers-Schilhab's exposure to elevated levels

of PFOA, PFOS, and/or PFCs in the drinking water supply, Paula Powers-Schilhab has elevated levels of PFOA, PFOS, and/or PFCs in plaintiff's blood.

74. Plaintiff Roger Holabeck currently resides at 6695 Brook Forest Dr., Colorado Springs, CO 80911. As a result of Roger Holabeck's exposure to elevated levels of PFOA, PFOS, and/or PFCs in the drinking water supply, Roger Holabeck has elevated levels of PFOA, PFOS, and/or PFCs in plaintiff's blood.

75. Plaintiff Keisha V. Griffin, individually and as parent and natural guardian of K.G., currently resides at 6715 Ashland Place, Colorado Springs, CO 80911. As a result of their exposure to elevated levels of PFOA, PFOS, and/or PFCs in the drinking water supply, Keisha V. Griffin and K.G. have elevated levels of PFOA, PFOS, and/or PFCs in their blood.

76. Plaintiff Kent Washington currently owns and resides at 6715 Ashland Place, Colorado Springs, CO 80911. As a result of Kent Washington's exposure to elevated levels of PFOA, PFOS, and/or PFCs in the drinking water supply, Kent Washington has elevated levels of PFOA, PFOS, and/or PFCs in plaintiff's blood, and has been diagnosed with High Cholesterol.

77. Plaintiff Ethylin Washington currently resides at 6715 Ashland Place, Colorado Springs, CO 80911. As a result of Ethylin Washington's exposure to elevated levels of PFOA, PFOS, and/or PFCs in the drinking water supply, Ethylin Washington has elevated levels of PFOA, PFOS, and/or PFCs in plaintiff's blood.

78. Plaintiff William Adams currently resides at 6715 Brook Forest Drive, Colorado Springs, CO 80911. As a result of William Adams's exposure to elevated levels of PFOA, PFOS, and/or PFCs in the drinking water supply, William Adams has elevated levels of PFOA, PFOS, and/or PFCs in plaintiff's blood, and has been diagnosed with Ulcerative Colitis.

79. Plaintiff Michelle R. Frizzell-Thompson, individually and as parent and natural guardian of S.T., currently resides at 673 Dexter Street, Colorado Springs, CO 80911 with minor child S.T. As a result of their exposure to elevated levels of PFOA, PFOS, and/or PFCs in the drinking water supply, Michelle R. Frizzell-Thompson and S.T. have elevated levels of PFOA, PFOS, and/or PFCs in their blood.

80. Plaintiff Michelle R. Frizzell-Thompson, individually and as parent and natural guardian of D.T., currently resides at 673 Dexter Street, Colorado Springs, CO 80911 with minor child D.T. As a result of their exposure to elevated levels of PFOA, PFOS, and/or PFCs in the drinking water supply, Michelle R. Frizzell-Thompson and D.T. have elevated levels of PFOA, PFOS, and/or PFCs in their blood.

81. Plaintiff Justin Frizzell currently resides at 673 Dexter Street, Colorado Springs, CO 80911. As a result of Justin Frizzell's exposure to elevated levels of PFOA, PFOS, and/or PFCs in the drinking water supply, Justin Frizzell has elevated levels of PFOA, PFOS, and/or PFCs in plaintiff's blood.

82. Plaintiff Michelle Frizzell-Thompson currently owns and resides at 673 Dexter Street, Colorado Springs, CO 80911. As a result of Michelle Frizzell-Thompson's exposure to elevated levels of PFOA, PFOS, and/or PFCs in the drinking water supply, Michelle Frizzell-Thompson has elevated levels of PFOA, PFOS, and/or PFCs in plaintiff's blood, and has been diagnosed with High Cholesterol; Thyroid Problems.

83. Plaintiff Dwight Hunnicutt currently owns and resides at 675 Brundidge Court, Colorado Springs, CO 80911. As a result of Dwight Hunnicutt's exposure to elevated levels of PFOA, PFOS, and/or PFCs in the drinking water supply, Dwight Hunnicutt has elevated levels of PFOA, PFOS, and/or PFCs in plaintiff's blood, and has been diagnosed with Kidney Disease.

84. Plaintiff Geehae Mothershed currently resides at 6751 South Gilpin Circle West, Littleton, CO 80122. As a result of Geehae Mothershed's exposure to elevated levels of PFOA, PFOS, and/or PFCs in the drinking water supply, Geehae Mothershed has elevated levels of PFOA, PFOS, and/or PFCs in plaintiff's blood, and has been diagnosed with High Cholesterol.

85. Plaintiff Matthew Trujillo currently resides at 6755 Brook Forest Dr, Colorado Springs, CO 80911. As a result of Matthew Trujillo's exposure to elevated levels of PFOA, PFOS, and/or PFCs in the drinking water supply, Matthew Trujillo has elevated levels of PFOA, PFOS, and/or PFCs in plaintiff's blood.

86. Plaintiff Valentino Trujillo currently resides at 6755 Brook Forest Dr, Colorado Springs, CO 80911. As a result of Valentino Trujillo's exposure to elevated levels of PFOA, PFOS, and/or PFCs in the drinking water supply, Valentino Trujillo has elevated levels of PFOA, PFOS, and/or PFCs in plaintiff's blood.

87. Plaintiff Bernadette Trujillo currently owns and resides at 6755 Brook Forest Drive, Colorado Springs, CO 80911. As a result of Bernadette Trujillo's exposure to elevated levels of PFOA, PFOS, and/or PFCs in the drinking water supply, Bernadette Trujillo has elevated levels of PFOA, PFOS, and/or PFCs in plaintiff's blood, and has been diagnosed with Pregnancy Problems.

88. Plaintiff Michelle Dziduch currently resides at 6775 Metropolitan Street, Colorado Springs, CO 80911. As a result of Michelle Dziduch's exposure to elevated levels of PFOA, PFOS, and/or PFCs in the drinking water supply, Michelle Dziduch has elevated levels of PFOA, PFOS, and/or PFCs in plaintiff's blood.

89. Plaintiff Beulah Dziduch currently resides at 6775 Metropolitan Street, Colorado Springs, CO 80911. As a result of Beulah Dziduch's exposure to elevated levels of PFOA,

PFOS, and/or PFCs in the drinking water supply, Beulah Dziduch has elevated levels of PFOA, PFOS, and/or PFCs in plaintiff's blood.

90. Plaintiff Joyce Seaman currently resides at 6791 Fountain Ridge Circle, Fountain, CO 80817. As a result of Joyce Seaman's exposure to elevated levels of PFOA, PFOS, and/or PFCs in the drinking water supply, Joyce Seaman has elevated levels of PFOA, PFOS, and/or PFCs in plaintiff's blood.

91. Plaintiff Edward Garcia currently owns and resides at 6804 Olympia Court, Fountain, CO 80817. As a result of Edward Garcia's exposure to elevated levels of PFOA, PFOS, and/or PFCs in the drinking water supply, Edward Garcia has elevated levels of PFOA, PFOS, and/or PFCs in plaintiff's blood, and has been diagnosed with Thyroid Cancer; Thyroid Problems.

92. Plaintiff Josefina Garcia currently resides at 6804 Olympia Court, Fountain, CO 80817. As a result of Josefina Garcia's exposure to elevated levels of PFOA, PFOS, and/or PFCs in the drinking water supply, Josefina Garcia has elevated levels of PFOA, PFOS, and/or PFCs in plaintiff's blood.

93. Plaintiff Ella Bryant currently owns and resides at 6809 Millbrook Cir, Fountain, CO 80817. As a result of Ella Bryant's exposure to elevated levels of PFOA, PFOS, and/or PFCs in the drinking water supply, Ella Bryant has elevated levels of PFOA, PFOS, and/or PFCs in plaintiff's blood, and has been diagnosed with High Cholesterol.

94. Plaintiff Robert Newborn currently owns and resides at 6815 Cedar Edge Dr, Colorado Springs, CO 80911. As a result of Robert Newborn's exposure to elevated levels of PFOA, PFOS, and/or PFCs in the drinking water supply, Robert Newborn has elevated levels of PFOA, PFOS, and/or PFCs in plaintiff's blood and has been diagnosed with High Cholesterol.

95. Plaintiff Donna Paradis currently resides at 682 Crest Drive, Fountain, CO 80817. As a result of Donna Paradis's exposure to elevated levels of PFOA, PFOS, and/or PFCs in the drinking water supply, Donna Paradis has elevated levels of PFOA, PFOS, and/or PFCs in plaintiff's blood.

96. Plaintiff Catherine Lina currently resides at 6820 Conquistador Court, Colorado Springs, CO 80911. As a result of Catherine Lina's exposure to elevated levels of PFOA, PFOS, and/or PFCs in the drinking water supply, Catherine Lina has elevated levels of PFOA, PFOS, and/or PFCs in plaintiff's blood.

97. Plaintiff Valerie Holub currently resides at 6821 Bob Tail Drive, Security, CO 80911. As a result of Valerie Holub's exposure to elevated levels of PFOA, PFOS, and/or PFCs in the drinking water supply, Valerie Holub has elevated levels of PFOA, PFOS, and/or PFCs in plaintiff's blood.

98. Plaintiff Megan Sours, individually and as parent and natural guardian of C.S., currently resides at 6830 Cliff Palace Court, Colorado Springs, CO 80911 with minor child C.S. As a result of their exposure to elevated levels of PFOA, PFOS, and/or PFCs in the drinking water supply, Megan Sours and C.S. have elevated levels of PFOA, PFOS, and/or PFCs in their blood.

99. Plaintiff Megan Sours, individually and as parent and natural guardian of A.S., currently resides at 6830 Cliff Palace Ct., Colorado Springs, CO 80911 with minor child A.S. As a result of their exposure to elevated levels of PFOA, PFOS, and/or PFCs in the drinking water supply, Megan Sours and A.S. have elevated levels of PFOA, PFOS, and/or PFCs in their blood.

100. Plaintiff Megan Sours, individually and as parent and natural guardian of H.S., currently resides at 6830 Cliff Palace Ct., Colorado Springs, CO 80911 with minor child H.S. As

a result of their exposure to elevated levels of PFOA, PFOS, and/or PFCs in the drinking water supply, Megan Sours and H.S. have elevated levels of PFOA, PFOS, and/or PFCs in their blood.

101. Plaintiff Drake Ferjak currently resides at 6835 Kasson Dr, Fountain, CO 80817. As a result of Drake Ferjak's exposure to elevated levels of PFOA, PFOS, and/or PFCs in the drinking water supply, Drake Ferjak has elevated levels of PFOA, PFOS, and/or PFCs in plaintiff's blood, and has been diagnosed with High Cholesterol; Ulcerative Colitis.

102. Plaintiff Brenda Ferjak currently resides at 6835 Kasson Drive, Fountain, CO 80817. As a result of Brenda Ferjak's exposure to elevated levels of PFOA, PFOS, and/or PFCs in the drinking water supply, Brenda Ferjak has elevated levels of PFOA, PFOS, and/or PFCs in plaintiff's blood, and has been diagnosed with High Cholesterol; Ulcerative Colitis.

103. Plaintiff Stuart Hetzler currently resides at 6835 Kipling Street, Colorado Springs, CO 80911. As a result of Stuart Hetzler's exposure to elevated levels of PFOA, PFOS, and/or PFCs in the drinking water supply, Stuart Hetzler has elevated levels of PFOA, PFOS, and/or PFCs in plaintiff's blood.

104. Plaintiff Emily Hetzler currently owns and resides at 6835 Kipling Street, Colorado Springs, CO 80911. As a result of Emily Hetzler's exposure to elevated levels of PFOA, PFOS, and/or PFCs in the drinking water supply, Emily Hetzler has elevated levels of PFOA, PFOS, and/or PFCs in plaintiff's blood, and has been diagnosed with Pregnancy Problems; Thyroid Problems.

105. Plaintiff John Hetzler currently resides at 6835 Kipling Street, Colorado Springs, CO 80911. As a result of John Hetzler's exposure to elevated levels of PFOA, PFOS, and/or PFCs in the drinking water supply, John Hetzler has elevated levels of PFOA, PFOS, and/or PFCs in plaintiff's blood.

106. Plaintiff Roberta Nagel currently resides at 6855 Goldfield Drive, Colorado Springs, CO 80911. As a result of Roberta Nagel's exposure to elevated levels of PFOA, PFOS, and/or PFCs in the drinking water supply, Roberta Nagel has elevated levels of PFOA, PFOS, and/or PFCs in plaintiff's blood.

107. Plaintiff James Nagel currently resides at 6855 Goldfield Drive, Colorado Springs, CO 80911. As a result of James Nagel's exposure to elevated levels of PFOA, PFOS, and/or PFCs in the drinking water supply, James Nagel has elevated levels of PFOA, PFOS, and/or PFCs in plaintiff's blood.

108. Plaintiff Kevin Jackson currently resides at 6855 Red Deer Point Apt 204, Fountain, CO 80817. As a result of Kevin Jackson's exposure to elevated levels of PFOA, PFOS, and/or PFCs in the drinking water supply, Kevin Jackson has elevated levels of PFOA, PFOS, and/or PFCs in plaintiff's blood, and has been diagnosed with High Cholesterol.

109. Plaintiff Lynn Watters currently owns and resides at 6855 Woodstock Street, Colorado Springs, CO 80911. As a result of Lynn Watters's exposure to elevated levels of PFOA, PFOS, and/or PFCs in the drinking water supply, Lynn Watters has elevated levels of PFOA, PFOS, and/or PFCs in plaintiff's blood, and has been diagnosed with Thyroid Problems.

110. Plaintiff Evelyn Kocsis currently owns and resides at 6861 Conquistador Ct, Colorado Springs, CO 80911. As a result of Evelyn Kocsis's exposure to elevated levels of PFOA, PFOS, and/or PFCs in the drinking water supply, Evelyn Kocsis has elevated levels of PFOA, PFOS, and/or PFCs in plaintiff's blood, and has been diagnosed with High Cholesterol; Thyroid Disease.

111. Plaintiff Valarie Harris currently resides at 6864 Fountain Vista Circle, Fountain, CO 80817. As a result of Valarie Harris's exposure to elevated levels of PFOA, PFOS, and/or

PFCs in the drinking water supply, Valarie Harris has elevated levels of PFOA, PFOS, and/or PFCs in plaintiff's blood.

112. Plaintiff Kelly Chambers currently resides at 6885 Blue River Way, Security, CO 80911. As a result of Kelly Chambers's exposure to elevated levels of PFOA, PFOS, and/or PFCs in the drinking water supply, Kelly Chambers has elevated levels of PFOA, PFOS, and/or PFCs in plaintiff's blood.

113. Plaintiff Margaret Darnell currently resides at 6885 Red Deer Point Apt 106, Fountain, CO 80817. As a result of Margaret Darnell's exposure to elevated levels of PFOA, PFOS, and/or PFCs in the drinking water supply, Margaret Darnell has elevated levels of PFOA, PFOS, and/or PFCs in plaintiff's blood, and has been diagnosed with High Cholesterol.

114. Plaintiff Yanna Hunter currently owns and resides at 6895 Red Deer Point, unite 106, Fountain, CO 80817. As a result of Yanna Hunter's exposure to elevated levels of PFOA, PFOS, and/or PFCs in the drinking water supply, Yanna Hunter has elevated levels of PFOA, PFOS, and/or PFCs in plaintiff's blood.

115. Plaintiff Nicole Oldfather currently resides at 6895 Woodstock Street, Colorado Springs, CO 80911. As a result of Nicole Oldfather's exposure to elevated levels of PFOA, PFOS, and/or PFCs in the drinking water supply, Nicole Oldfather has elevated levels of PFOA, PFOS, and/or PFCs in plaintiff's blood.

116. Plaintiff Elizabeth Hollingsworth currently resides at 6895 Woodstock Street, Colorado Springs, CO 80911. As a result of Elizabeth Hollingsworth's exposure to elevated levels of PFOA, PFOS, and/or PFCs in the drinking water supply, Elizabeth Hollingsworth has elevated levels of PFOA, PFOS, and/or PFCs in plaintiff's blood.

117. Plaintiff Mark Oldfather currently owns and resides at 6895 Woodstock Street, Colorado Springs, CO 80911. As a result of Mark Oldfather's exposure to elevated levels of PFOA, PFOS, and/or PFCs in the drinking water supply, Mark Oldfather has elevated levels of PFOA, PFOS, and/or PFCs in plaintiff's blood, and has been diagnosed with Pregnancy Problems; Thyroid Problems.

118. Plaintiff Cheryl Oldfather currently owns and resides at 6895 Woodstock Street, Colorado Springs, CO 80911. As a result of Cheryl Oldfather's exposure to elevated levels of PFOA, PFOS, and/or PFCs in the drinking water supply, Cheryl Oldfather has elevated levels of PFOA, PFOS, and/or PFCs in plaintiff's blood, and has been diagnosed with Pregnancy Problems; Thyroid Problems.

119. Plaintiff Danny Thompson currently owns and resides at 6896 Kasson Drive, Fountain, CO 80817. As a result of Danny Thompson's exposure to elevated levels of PFOA, PFOS, and/or PFCs in the drinking water supply, Danny Thompson has elevated levels of PFOA, PFOS, and/or PFCs in plaintiff's blood, and has been diagnosed with High Cholesterol; Thyroid Problems.

120. Plaintiff Christina Thompson currently owns and resides at 6896 Kasson Drive, Fountain, CO 80817. As a result of Christina Thompson's exposure to elevated levels of PFOA, PFOS, and/or PFCs in the drinking water supply, Christina Thompson has elevated levels of PFOA, PFOS, and/or PFCs in plaintiff's blood, and has been diagnosed with High Cholesterol; Thyroid Problems.

121. Plaintiff Matthew Schrank currently resides at 6904 Millbrook Lane, Fountain, CO 80817. As a result of Matthew Schrank's exposure to elevated levels of PFOA, PFOS, and/or

PFCs in the drinking water supply, Matthew Schrank has elevated levels of PFOA, PFOS, and/or PFCs in plaintiff's blood.

122. Plaintiff Jami Grangruth currently resides at 6904 Millbrook Lane, Fountain, CO 80817. As a result of Jami Grangruth's exposure to elevated levels of PFOA, PFOS, and/or PFCs in the drinking water supply, Jami Grangruth has elevated levels of PFOA, PFOS, and/or PFCs in plaintiff's blood.

123. Plaintiff Tim Schrank currently resides at 6904 Millbrook Lane, Fountain, CO 80817. As a result of Tim Schrank's exposure to elevated levels of PFOA, PFOS, and/or PFCs in the drinking water supply, Tim Schrank has elevated levels of PFOA, PFOS, and/or PFCs in plaintiff's blood.

124. Plaintiff Linda Shell currently resides at 6905 Metropolitan St., Colorado Springs, CO 80911. As a result of Linda Shell's exposure to elevated levels of PFOA, PFOS, and/or PFCs in the drinking water supply, Linda Shell has elevated levels of PFOA, PFOS, and/or PFCs in plaintiff's blood.

125. Plaintiff George Shell currently resides at 6905 Metropolitan Street, Colorado Springs, CO 80911. As a result of George Shell's exposure to elevated levels of PFOA, PFOS, and/or PFCs in the drinking water supply, George Shell has elevated levels of PFOA, PFOS, and/or PFCs in plaintiff's blood.

126. Plaintiff Gralyn Surratt currently resides at 6905 Village Meadows Dr, Fountain, CO 80817. As a result of Gralyn Surratt's exposure to elevated levels of PFOA, PFOS, and/or PFCs in the drinking water supply, Gralyn Surratt has elevated levels of PFOA, PFOS, and/or PFCs in plaintiff's blood.

127. Plaintiff Sharon Surrat currently owns and resides at 6905 Village Meadows Drive, Fountain, CO 80817. As a result of Sharon Surrat's exposure to elevated levels of PFOA, PFOS, and/or PFCs in the drinking water supply, Sharon Surrat has elevated levels of PFOA, PFOS, and/or PFCs in plaintiff's blood.

128. Plaintiff Jason P. Smith, individually and as parent and natural guardian of L.S., currently resides at 6909 Juanita St, Colorado Springs, CO 80908 with minor child L.S. As a result of their exposure to elevated levels of PFOA, PFOS, and/or PFCs in the drinking water supply, Jason P. Smith and L.S. have elevated levels of PFOA, PFOS, and/or PFCs in their blood.

129. Plaintiff Jason P. Smith, individually and as parent and natural guardian of E.S., currently resides at 6909 Juanita St, Colorado Springs, CO 80908 with minor child E.S. As a result of their exposure to elevated levels of PFOA, PFOS, and/or PFCs in the drinking water supply, Jason P. Smith and E.S. have elevated levels of PFOA, PFOS, and/or PFCs in their blood.

130. Plaintiff Jaime Smith currently owns and resides at 6909 Juanita St, Colorado Springs, CO 80908. As a result of Jaime Smith's exposure to elevated levels of PFOA, PFOS, and/or PFCs in the drinking water supply, Jaime Smith has elevated levels of PFOA, PFOS, and/or PFCs in plaintiff's blood.

131. Plaintiff Sherri Burton currently resides at 6910 Corn Tassle Drive, Colorado Springs, CO 80911. As a result of Sherri Burton's exposure to elevated levels of PFOA, PFOS, and/or PFCs in the drinking water supply, Sherri Burton has elevated levels of PFOA, PFOS, and/or PFCs in plaintiff's blood.

132. Plaintiff Patricia Nelson currently resides at 6915 Millbrook Dr., Fountain, CO 80817. As a result of Patricia Nelson's exposure to elevated levels of PFOA, PFOS, and/or PFCs in the drinking water supply, Patricia Nelson has elevated levels of PFOA, PFOS, and/or PFCs in plaintiff's blood.

133. Plaintiff Bruce Nelson currently owns and resides at 6915 Millbrook Dr., Fountain, CO 80817. As a result of Bruce Nelson's exposure to elevated levels of PFOA, PFOS, and/or PFCs in the drinking water supply, Bruce Nelson has elevated levels of PFOA, PFOS, and/or PFCs in plaintiff's blood.

134. Plaintiff David Lee currently resides at 6924 Maram Way, Fountain, CO 80817. As a result of David Lee's exposure to elevated levels of PFOA, PFOS, and/or PFCs in the drinking water supply, David Lee has elevated levels of PFOA, PFOS, and/or PFCs in plaintiff's blood.

135. Plaintiff Timothy Morrison currently resides at 693 Autumn Place, Fountain, CO 80817. As a result of Timothy Morrison's exposure to elevated levels of PFOA, PFOS, and/or PFCs in the drinking water supply, Timothy Morrison has elevated levels of PFOA, PFOS, and/or PFCs in plaintiff's blood.

136. Plaintiff Sandra Bicknell currently resides at 693 Autumn Place, Fountain, CO 80817. As a result of Sandra Bicknell's exposure to elevated levels of PFOA, PFOS, and/or PFCs in the drinking water supply, Sandra Bicknell has elevated levels of PFOA, PFOS, and/or PFCs in plaintiff's blood.

137. Plaintiff Vanessa Hazard currently owns and resides at 6930 Caballero Avenue, Colorado Springs, CO 80911. As a result of Vanessa Hazard's exposure to elevated levels of

PFOA, PFOS, and/or PFCs in the drinking water supply, Vanessa Hazard has elevated levels of PFOA, PFOS, and/or PFCs in plaintiff's blood.

138. Plaintiff Leonard Cahall currently resides at 6930 Grand Valley Drive, Colorado Springs, CO 80911. As a result of Leonard Cahall's exposure to elevated levels of PFOA, PFOS, and/or PFCs in the drinking water supply, Leonard Cahall has elevated levels of PFOA, PFOS, and/or PFCs in plaintiff's blood.

139. Plaintiff Timothy Northern currently owns and resides at 6930 Harding Street, Colorado Springs, CO 80911. As a result of Timothy Northern's exposure to elevated levels of PFOA, PFOS, and/or PFCs in the drinking water supply, Timothy Northern has elevated levels of PFOA, PFOS, and/or PFCs in plaintiff's blood.

140. Plaintiff Gianna Hermann currently resides at 6940 Nile Court, Arvada, CO 80007. As a result of Gianna Hermann's exposure to elevated levels of PFOA, PFOS, and/or PFCs in the drinking water supply, Gianna Hermann has elevated levels of PFOA, PFOS, and/or PFCs in plaintiff's blood.

141. Plaintiff Kayla Hermann currently resides at 6940 Nile Court, Arvada, CO 80007. As a result of Kayla Hermann's exposure to elevated levels of PFOA, PFOS, and/or PFCs in the drinking water supply, Kayla Hermann has elevated levels of PFOA, PFOS, and/or PFCs in plaintiff's blood, and has been diagnosed with Thyroid Abnormality.

142. Plaintiff Bonnie Herman currently resides at 6940 Nile Court, Arvada, CO 80007. As a result of Bonnie Herman's exposure to elevated levels of PFOA, PFOS, and/or PFCs in the drinking water supply, Bonnie Herman has elevated levels of PFOA, PFOS, and/or PFCs in plaintiff's blood, and has been diagnosed with High Cholesterol; Pregnancy Problems; Thyroid Abnormality.

143. Plaintiff Angela Espinoza currently owns and resides at 6940 Rolling View Dr, Colorado Springs, CO 80925. As a result of Angela Espinoza's exposure to elevated levels of PFOA, PFOS, and/or PFCs in the drinking water supply, Angela Espinoza has elevated levels of PFOA, PFOS, and/or PFCs in plaintiff's blood, and has been diagnosed with High Cholesterol.

144. Plaintiff Linda Espinoza currently owns and resides at 6940 Rolling View Drive, Colorado Springs, CO 80925. As a result of Linda Espinoza's exposure to elevated levels of PFOA, PFOS, and/or PFCs in the drinking water supply, Linda Espinoza has elevated levels of PFOA, PFOS, and/or PFCs in plaintiff's blood, and has been diagnosed with High Cholesterol; Pregnancy Problems.

145. Plaintiff Susan Wilson currently resides at 6950 Woodstock Street, Colorado Springs, CO 80911. As a result of Susan Wilson's exposure to elevated levels of PFOA, PFOS, and/or PFCs in the drinking water supply, Susan Wilson has elevated levels of PFOA, PFOS, and/or PFCs in plaintiff's blood.

146. Plaintiff Mary Dills currently owns and resides at 6956 Kasson Drive, Fountain, CO 80817. As a result of Mary Dills's exposure to elevated levels of PFOA, PFOS, and/or PFCs in the drinking water supply, Mary Dills has elevated levels of PFOA, PFOS, and/or PFCs in plaintiff's blood, and has been diagnosed with High Cholesterol; Thyroid Problems.

147. Plaintiff Eduardo Ayuso currently resides at 6956 Village Meadows Drive, Fountain, CO 80817. As a result of Eduardo Ayuso's exposure to elevated levels of PFOA, PFOS, and/or PFCs in the drinking water supply, Eduardo Ayuso has elevated levels of PFOA, PFOS, and/or PFCs in plaintiff's blood.

148. Plaintiff Gloria Ayuso currently resides at 6956 Village Meadows Drive, Fountain, CO 80817. As a result of Gloria Ayuso's exposure to elevated levels of PFOA, PFOS,

and/or PFCs in the drinking water supply, Gloria Ayuso has elevated levels of PFOA, PFOS, and/or PFCs in plaintiff's blood.

149. Plaintiff Sandra Vossler currently owns and resides at 6972 Maram Way, Fountain, CO 80817. As a result of Sandra Vossler's exposure to elevated levels of PFOA, PFOS, and/or PFCs in the drinking water supply, Sandra Vossler has elevated levels of PFOA, PFOS, and/or PFCs in plaintiff's blood, and has been diagnosed with High Cholesterol.

150. Plaintiff Kenneth Vossler currently owns and resides at 6972 Maram Way, Fountain, CO 80817. As a result of Kenneth Vossler's exposure to elevated levels of PFOA, PFOS, and/or PFCs in the drinking water supply, Kenneth Vossler has elevated levels of PFOA, PFOS, and/or PFCs in plaintiff's blood, and has been diagnosed with High Cholesterol; Thyroid Problems; Ulcerative Colitis.

151. Plaintiff Michael Brook currently owns and resides at 6974 Roaring Spring Avenue, Fountain, CO 80817. As a result of Michael Brook's exposure to elevated levels of PFOA, PFOS, and/or PFCs in the drinking water supply, Michael Brook has elevated levels of PFOA, PFOS, and/or PFCs in plaintiff's blood.

152. Plaintiff Julian Hall currently owns and resides at 6985 Grand Valley Drive, Colorado Springs, CO 80911. As a result of Julian Hall's exposure to elevated levels of PFOA, PFOS, and/or PFCs in the drinking water supply, Julian Hall has elevated levels of PFOA, PFOS, and/or PFCs in plaintiff's blood.

153. Plaintiff Jolene Smith currently resides at 6997 Ancestra Drive, Fountain, CO 80817. As a result of Jolene Smith's exposure to elevated levels of PFOA, PFOS, and/or PFCs in the drinking water supply, Jolene Smith has elevated levels of PFOA, PFOS, and/or PFCs in plaintiff's blood, and has been diagnosed with Ulcerative Colitis.

154. Plaintiff Desirree Morfitt-Shumway currently resides at 700 Crest Drive Lot B11, Fountain, CO 80817. As a result of Desirree Morfitt-Shumway's exposure to elevated levels of PFOA, PFOS, and/or PFCs in the drinking water supply, Desirree Morfitt-Shumway has elevated levels of PFOA, PFOS, and/or PFCs in plaintiff's blood.

155. Plaintiff Sherry Morfitt-Shumway currently resides at 700 Crest Drive; Lot B11, Fountain, CO 80817. As a result of Sherry Morfitt-Shumway's exposure to elevated levels of PFOA, PFOS, and/or PFCs in the drinking water supply, Sherry Morfitt-Shumway has elevated levels of PFOA, PFOS, and/or PFCs in plaintiff's blood, and has been diagnosed with High Cholesterol.

156. Plaintiff Gerald Aganon currently resides at 7005 Woody Creek Drive, Colorado Springs, CO 80911. As a result of Gerald Aganon's exposure to elevated levels of PFOA, PFOS, and/or PFCs in the drinking water supply, Gerald Aganon has elevated levels of PFOA, PFOS, and/or PFCs in plaintiff's blood.

157. Plaintiff Cynthia Maniscalco currently resides at 7010 Burroback Court, Colorado Springs, CO 80911. As a result of Cynthia Maniscalco's exposure to elevated levels of PFOA, PFOS, and/or PFCs in the drinking water supply, Cynthia Maniscalco has elevated levels of PFOA, PFOS, and/or PFCs in plaintiff's blood.

158. Plaintiff Morris Maniscalco currently resides at 7010 Burroback Ct, Colorado Springs, CO 80911. As a result of Morris Maniscalco's exposure to elevated levels of PFOA, PFOS, and/or PFCs in the drinking water supply, Morris Maniscalco has elevated levels of PFOA, PFOS, and/or PFCs in plaintiff's blood.

159. Plaintiff Angela Hoyle currently resides at 7013 Taft Ct, Colorado Springs, CO 80911. As a result of Angela Hoyle's exposure to elevated levels of PFOA, PFOS, and/or PFCs

in the drinking water supply, Angela Hoyle has elevated levels of PFOA, PFOS, and/or PFCs in plaintiff's blood.

160. Plaintiff Anne Strasner currently resides at 7015 Burroback Court, Colorado Springs, CO 80911. As a result of Anne Strasner's exposure to elevated levels of PFOA, PFOS, and/or PFCs in the drinking water supply, Anne Strasner has elevated levels of PFOA, PFOS, and/or PFCs in plaintiff's blood.

161. Plaintiff Maurice Delage currently owns and resides at 7015 Harding Street, Colorado Springs, CO 80911. As a result of Maurice Delage's exposure to elevated levels of PFOA, PFOS, and/or PFCs in the drinking water supply, Maurice Delage has elevated levels of PFOA, PFOS, and/or PFCs in plaintiff's blood, and has been diagnosed with Kidney Cancer.

162. Plaintiff John Van Wyngaardan currently resides at 7020 Coolidge Court, Colorado Springs, CO 80911. As a result of John Van Wyngaardan's exposure to elevated levels of PFOA, PFOS, and/or PFCs in the drinking water supply, John Van Wyngaardan has elevated levels of PFOA, PFOS, and/or PFCs in plaintiff's blood, and has been diagnosed with High Cholesterol.

163. Plaintiff Sarah Birks currently resides at 7025 Caballero Avenue, Colorado Springs, CO 80911. As a result of Sarah Birks's exposure to elevated levels of PFOA, PFOS, and/or PFCs in the drinking water supply, Sarah Birks has elevated levels of PFOA, PFOS, and/or PFCs in plaintiff's blood.

164. Plaintiff Robert Followell currently owns and resides at 7025 Caballero Avenue, Colorado Springs, CO 80911. As a result of Robert Followell's exposure to elevated levels of PFOA, PFOS, and/or PFCs in the drinking water supply, Robert Followell has elevated levels of PFOA, PFOS, and/or PFCs in plaintiff's blood, and has been diagnosed with High Cholesterol.

165. Plaintiff Antoinette Dell'Aquila currently owns and resides at 7025 Loveland Terrace, Fountain, CO 80817. As a result of Antoinette Dell'Aquila's exposure to elevated levels of PFOA, PFOS, and/or PFCs in the drinking water supply, Antoinette Dell'Aquila has elevated levels of PFOA, PFOS, and/or PFCs in plaintiff's blood.

166. Plaintiff Jeffery Halligan currently resides at 7030 Metropolitan, Colorado Springs, CO 80911. As a result of Jeffery Halligan's exposure to elevated levels of PFOA, PFOS, and/or PFCs in the drinking water supply, Jeffery Halligan has elevated levels of PFOA, PFOS, and/or PFCs in plaintiff's blood.

167. Plaintiff Bernie March currently resides at 7030 Roaring Springs Avenue, Fountain, CO 80817. As a result of Bernie March's exposure to elevated levels of PFOA, PFOS, and/or PFCs in the drinking water supply, Bernie March has elevated levels of PFOA, PFOS, and/or PFCs in plaintiff's blood.

168. Plaintiff Jordan Hoyle currently resides at 7030 Taft Court, Colorado Springd, CO 80911. As a result of Jordan Hoyle's exposure to elevated levels of PFOA, PFOS, and/or PFCs in the drinking water supply, Jordan Hoyle has elevated levels of PFOA, PFOS, and/or PFCs in plaintiff's blood.

169. Plaintiff Charles Hoyle, Jr. currently resides at 7030 Taft Court, Colorado Springs, CO 80911. As a result of Charles Hoyle, Jr.'s exposure to elevated levels of PFOA, PFOS, and/or PFCs in the drinking water supply, Charles Hoyle, Jr. has elevated levels of PFOA, PFOS, and/or PFCs in plaintiff's blood.

170. Plaintiff Iolanda Russell currently resides at 704 Andover Street, Colorado Springs, CO 80911. As a result of Iolanda Russell's exposure to elevated levels of PFOA, PFOS,

and/or PFCs in the drinking water supply, Iolanda Russell has elevated levels of PFOA, PFOS, and/or PFCs in plaintiff's blood.

171. Plaintiff Gregory Miller currently resides at 705 Hackberry Drive, Security, CO 80911. As a result of Gregory Miller's exposure to elevated levels of PFOA, PFOS, and/or PFCs in the drinking water supply, Gregory Miller has elevated levels of PFOA, PFOS, and/or PFCs in plaintiff's blood.

172. Plaintiff Stephen Garcia currently resides at 7050 Metropolitan Street, Colorado Springs, CO 80911. As a result of Stephen Garcia's exposure to elevated levels of PFOA, PFOS, and/or PFCs in the drinking water supply, Stephen Garcia has elevated levels of PFOA, PFOS, and/or PFCs in plaintiff's blood.

173. Plaintiff Luz Garcia currently owns and resides at 7050 Metropolitan Street, Colorado Springs, CO 80911. As a result of Luz Garcia's exposure to elevated levels of PFOA, PFOS, and/or PFCs in the drinking water supply, Luz Garcia has elevated levels of PFOA, PFOS, and/or PFCs in plaintiff's blood, and has been diagnosed with High Cholesterol.

174. Plaintiff Michael Speck currently resides at 7050 Roaring Springs Ave, Fountain, CO 80817. As a result of Michael Speck's exposure to elevated levels of PFOA, PFOS, and/or PFCs in the drinking water supply, Michael Speck has elevated levels of PFOA, PFOS, and/or PFCs in plaintiff's blood, and has been diagnosed with Testicular Cancer.

175. Plaintiff Lawrence Rocha currently resides at 7052 Stowe Circle, Fountain, CO 80817. As a result of Lawrence Rocha's exposure to elevated levels of PFOA, PFOS, and/or PFCs in the drinking water supply, Lawrence Rocha has elevated levels of PFOA, PFOS, and/or PFCs in plaintiff's blood.

176. Plaintiff Nada Rocha currently resides at 7052 Stowe Circle, Fountain, CO 80817. As a result of Nada Rocha's exposure to elevated levels of PFOA, PFOS, and/or PFCs in the drinking water supply, Nada Rocha has elevated levels of PFOA, PFOS, and/or PFCs in plaintiff's blood.

177. Plaintiff David M. Phillips, individually and as parent and natural guardian of S.P., currently resides at 7069 Reunion Cir, Fountain, CO 80817 with minor child S.P. As a result of their exposure to elevated levels of PFOA, PFOS, and/or PFCs in the drinking water supply, David M. Phillips and S.P. have elevated levels of PFOA, PFOS, and/or PFCs in their blood.

178. Plaintiff Marlene Romero-Phillips currently resides at 7069 Reunion Circle, Fountain, CO 80817. As a result of Marlene Romero-Phillips's exposure to elevated levels of PFOA, PFOS, and/or PFCs in the drinking water supply, Marlene Romero-Phillips has elevated levels of PFOA, PFOS, and/or PFCs in plaintiff's blood.

179. Plaintiff Dakota Phillips currently resides at 7069Reunion Circle, Fountain, CO 80817. As a result of Dakota Phillips's exposure to elevated levels of PFOA, PFOS, and/or PFCs in the drinking water supply, Dakota Phillips has elevated levels of PFOA, PFOS, and/or PFCs in plaintiff's blood.

180. Plaintiff Christine McDonald, individually and as parent and natural guardian of C.M., currently resides at 707 Foxwood Dr, Colorado Springs, CO 80911. As a result of their exposure to elevated levels of PFOA, PFOS, and/or PFCs in the drinking water supply, Christine McDonald and C.M. have elevated levels of PFOA, PFOS, and/or PFCs in their blood, , and has been diagnosed with Thyroid Disease.

181. Plaintiff Christine McDonald, individually and as parent and natural guardian of T.M., currently resides at 707 Foxwood Dr, Colorado Springs, CO 80911 with minor child T.M. As a result of their exposure to elevated levels of PFOA, PFOS, and/or PFCs in the drinking water supply, Christine McDonald and T.M. have elevated levels of PFOA, PFOS, and/or PFCs in their blood.

182. Plaintiff Benny Rivera currently resides at 7070 Stowe Circle, Fountain, CO 80817. As a result of Benny Rivera's exposure to elevated levels of PFOA, PFOS, and/or PFCs in the drinking water supply, Benny Rivera has elevated levels of PFOA, PFOS, and/or PFCs in plaintiff's blood.

183. Plaintiff Angelika Rowe currently owns and resides at 7073 Appletree Loop, Colorado Springs, CO 80925. As a result of Angelika Rowe's exposure to elevated levels of PFOA, PFOS, and/or PFCs in the drinking water supply, Angelika Rowe has elevated levels of PFOA, PFOS, and/or PFCs in plaintiff's blood, and has been diagnosed with High Cholesterol.

184. Plaintiff Johnny Rowe currently owns and resides at 7073 Appletree Loop, Colorado Springs, CO 80925. As a result of Johnny Rowe's exposure to elevated levels of PFOA, PFOS, and/or PFCs in the drinking water supply, Johnny Rowe has elevated levels of PFOA, PFOS, and/or PFCs in plaintiff's blood, and has been diagnosed with High Cholesterol.

185. Plaintiff Christine Lemere currently owns and resides at 7075 Heritage Road, Colorado Springs, CO 80925. As a result of Christine Lemere's exposure to elevated levels of PFOA, PFOS, and/or PFCs in the drinking water supply, Christine Lemere has elevated levels of PFOA, PFOS, and/or PFCs in plaintiff's blood, and has been diagnosed with High Cholesterol.

186. Plaintiff Joseph Lemere currently resides at 7075 Heritage Road, Colorado Springs, CO 80925. As a result of Joseph Lemere's exposure to elevated levels of PFOA, PFOS,

and/or PFCs in the drinking water supply, Joseph Lemere has elevated levels of PFOA, PFOS, and/or PFCs in plaintiff's blood.

187. Plaintiff Janet Silvis currently owns and resides at 708 Hackberry Dr, Colorado Springs, CO 80911. As a result of Janet Silvis's exposure to elevated levels of PFOA, PFOS, and/or PFCs in the drinking water supply, Janet Silvis has elevated levels of PFOA, PFOS, and/or PFCs in plaintiff's blood.

188. Plaintiff Tom Silvis currently owns and resides at 708 Hackberry Dr, Colorado Springs, CO 80911. As a result of Tom Silvis's exposure to elevated levels of PFOA, PFOS, and/or PFCs in the drinking water supply, Tom Silvis has elevated levels of PFOA, PFOS, and/or PFCs in plaintiff's blood, and has been diagnosed with High Cholesterol.

189. Plaintiff Esther Villarreal currently resides at 7081 Ancestra Drive, Fountain, CO 80817. As a result of Esther Villarreal's exposure to elevated levels of PFOA, PFOS, and/or PFCs in the drinking water supply, Esther Villarreal has elevated levels of PFOA, PFOS, and/or PFCs in plaintiff's blood.

190. Plaintiff Ruth Hambly currently owns and resides at 7112 Cliffrose Drive, Colorado Springs, CO 80925. As a result of Ruth Hambly's exposure to elevated levels of PFOA, PFOS, and/or PFCs in the drinking water supply, Ruth Hambly has elevated levels of PFOA, PFOS, and/or PFCs in plaintiff's blood, and has been diagnosed with High Cholesterol; Thyroid Problems.

191. Plaintiff Daniel Hambly currently owns and resides at 7112 Cliffrose Drive, Colorado Springs, CO 80925. As a result of Daniel Hambly's exposure to elevated levels of PFOA, PFOS, and/or PFCs in the drinking water supply, Daniel Hambly has elevated levels of

PFOA, PFOS, and/or PFCs in plaintiff's blood, and has been diagnosed with High Cholesterol; Thyroid Problems.

192. Plaintiff Travis Baker currently resides at 7115 Sand Crest View, Colorado Springs, CO 80923. As a result of Travis Baker's exposure to elevated levels of PFOA, PFOS, and/or PFCs in the drinking water supply, Travis Baker has elevated levels of PFOA, PFOS, and/or PFCs in plaintiff's blood.

193. Plaintiff Dolores Carlson currently owns and resides at 7115 Trails End Court, Colorado Springs, CO 80911. As a result of Dolores Carlson's exposure to elevated levels of PFOA, PFOS, and/or PFCs in the drinking water supply, Dolores Carlson has elevated levels of PFOA, PFOS, and/or PFCs in plaintiff's blood, and has been diagnosed with High Cholesterol; Thyroid Problems.

194. Plaintiff Glenn Carlson currently resides at 7115 Trails End Court, Colorado Springs, CO 80911. As a result of Glenn Carlson's exposure to elevated levels of PFOA, PFOS, and/or PFCs in the drinking water supply, Glenn Carlson has elevated levels of PFOA, PFOS, and/or PFCs in plaintiff's blood.

195. Plaintiff Emmanuel Gbobi currently owns and resides at 7135 Grand Valley Drive, Colorado Springs, CO 80911. As a result of Emmanuel Gbobi's exposure to elevated levels of PFOA, PFOS, and/or PFCs in the drinking water supply, Emmanuel Gbobi has elevated levels of PFOA, PFOS, and/or PFCs in plaintiff's blood, and has been diagnosed with High Cholesterol; Thyroid Problems.

196. Plaintiff Adebola Gbobi-Emmanuel currently resides at 7135 Grand Valley Drive, Colorado Springs, CO 80911. As a result of Adebola Gbobi-Emmanuel's exposure to elevated levels of PFOA, PFOS, and/or PFCs in the drinking water supply, Adebola Gbobi-Emmanuel has

elevated levels of PFOA, PFOS, and/or PFCs in plaintiff's blood, and has been diagnosed with High Cholesterol; Thyroid Problems; Ulcerative Colitis.

197. Plaintiff Matthew Whittaker currently resides at 7135 Whiteface Court, Fountain, CO 80817. As a result of Matthew Whittaker's exposure to elevated levels of PFOA, PFOS, and/or PFCs in the drinking water supply, Matthew Whittaker has elevated levels of PFOA, PFOS, and/or PFCs in plaintiff's blood, and has been diagnosed with High Cholesterol.

198. Plaintiff Edward Whittaker currently owns and resides at 7135 Whiteface Court, Fountain, CO 80817. As a result of Edward Whittaker's exposure to elevated levels of PFOA, PFOS, and/or PFCs in the drinking water supply, Edward Whittaker has elevated levels of PFOA, PFOS, and/or PFCs in plaintiff's blood, and has been diagnosed with High Cholesterol.

199. Plaintiff Marcia Whittaker, individually and as parent and natural guardian of S.W., currently resides at 7135 Whiteface Ct, Fountain, CO 80817, with minor child, S.W.. As a result of their exposure to elevated levels of PFOA, PFOS, and/or PFCs in the drinking water supply, Marcia Whittaker and S.W. have elevated levels of PFOA, PFOS, and/or PFCs in their blood, and Marcia Whittaker has been diagnosed with High Cholesterol; Thyroid Problems and S.W. has been diagnosed with High Cholesterol; Thyroid Problems.

200. Plaintiff Marcia Whittaker, individually and as parent and natural guardian of C.W., currently resides at 7135 Whiteface Ct, Fountain, CO 80817, with minor child, C.W.. As a result of their exposure to elevated levels of PFOA, PFOS, and/or PFCs in the drinking water supply, Marcia Whittaker and C.W. have elevated levels of PFOA, PFOS, and/or PFCs in their blood, and Marcia Whittaker has been diagnosed with High Cholesterol; Thyroid Problems and C.W. has been diagnosed with High Cholesterol; Thyroid Problems.

201. Plaintiff Ian Whittaker currently resides at 7135 Whiteface Ct, Fountain, CO 80817. As a result of Ian Whittaker's exposure to elevated levels of PFOA, PFOS, and/or PFCs in the drinking water supply, Ian Whittaker has elevated levels of PFOA, PFOS, and/or PFCs in plaintiff's blood.

202. Plaintiff Mary Lamotte currently resides at 7138 Silver Buckle Drive, Colorado Springs, CO 80923. As a result of Mary Lamotte's exposure to elevated levels of PFOA, PFOS, and/or PFCs in the drinking water supply, Mary Lamotte has elevated levels of PFOA, PFOS, and/or PFCs in plaintiff's blood.

203. Plaintiff Danny Lamotte currently resides at 7138 Silver Buckle Drive, Colorado Springs, CO 80923. As a result of Danny Lamotte's exposure to elevated levels of PFOA, PFOS, and/or PFCs in the drinking water supply, Danny Lamotte has elevated levels of PFOA, PFOS, and/or PFCs in plaintiff's blood.

204. Plaintiff Cheri Patton currently resides at 716 Greenbush Drive, Colorado Springs, CO 80911. As a result of Cheri Patton's exposure to elevated levels of PFOA, PFOS, and/or PFCs in the drinking water supply, Cheri Patton has elevated levels of PFOA, PFOS, and/or PFCs in plaintiff's blood.

205. Plaintiff Richard Flores currently owns and resides at 7161 Appletree Loop, Colorado Springs, CO 80925. As a result of Richard Flores's exposure to elevated levels of PFOA, PFOS, and/or PFCs in the drinking water supply, Richard Flores has elevated levels of PFOA, PFOS, and/or PFCs in plaintiff's blood.

206. Plaintiff Donna Flores currently owns and resides at 7161 Appletree Loop, Colorado Springs, CO 80925. As a result of Donna Flores's exposure to elevated levels of

PFOA, PFOS, and/or PFCs in the drinking water supply, Donna Flores has elevated levels of PFOA, PFOS, and/or PFCs in plaintiff's blood.

207. Plaintiff Jaimeson Jones currently resides at 7180 Allegra Circle Apt 1, Fountain, CO 80817. As a result of Jaimeson Jones's exposure to elevated levels of PFOA, PFOS, and/or PFCs in the drinking water supply, Jaimeson Jones has elevated levels of PFOA, PFOS, and/or PFCs in plaintiff's blood, and has been diagnosed with High Cholesterol.

208. Plaintiff Stephanie Wilson currently resides at 7190 Alegre Circle Apt 1, Fountain, CO 80817. As a result of Stephanie Wilson's exposure to elevated levels of PFOA, PFOS, and/or PFCs in the drinking water supply, Stephanie Wilson has elevated levels of PFOA, PFOS, and/or PFCs in plaintiff's blood.

209. Plaintiff Christopher Wilson currently resides at 7190 Alegre Circle Apt 1, Fountain, CO 80817. As a result of Christopher Wilson's exposure to elevated levels of PFOA, PFOS, and/or PFCs in the drinking water supply, Christopher Wilson has elevated levels of PFOA, PFOS, and/or PFCs in plaintiff's blood.

210. Plaintiff Karl Nathaniel currently resides at 7195 Grand Valley Drive, Colorado Springs, CO 80911. As a result of Karl Nathaniel's exposure to elevated levels of PFOA, PFOS, and/or PFCs in the drinking water supply, Karl Nathaniel has elevated levels of PFOA, PFOS, and/or PFCs in plaintiff's blood.

211. Plaintiff Joel Jenkins currently owns and resides at 7205 Metropolitan St, Colorado Springs, CO 80911. As a result of Joel Jenkins's exposure to elevated levels of PFOA, PFOS, and/or PFCs in the drinking water supply, Joel Jenkins has elevated levels of PFOA, PFOS, and/or PFCs in plaintiff's blood, and has been diagnosed with High Cholesterol.

212. Plaintiff Suzan Jenkins currently owns and resides at 7205 Metropolitan St, Colorado Springs, CO 80911. As a result of Suzan Jenkins's exposure to elevated levels of PFOA, PFOS, and/or PFCs in the drinking water supply, Suzan Jenkins has elevated levels of PFOA, PFOS, and/or PFCs in plaintiff's blood, and has been diagnosed with High Cholesterol.

213. Plaintiff Shelia Klaric currently resides at 7213 Moss Bluff Court, Fountain, CO 80817. As a result of Shelia Klaric's exposure to elevated levels of PFOA, PFOS, and/or PFCs in the drinking water supply, Shelia Klaric has elevated levels of PFOA, PFOS, and/or PFCs in plaintiff's blood.

214. Plaintiff George Klaric currently resides at 7213 Moss Bluff Court, Fountain, CO 80817. As a result of George Klaric's exposure to elevated levels of PFOA, PFOS, and/or PFCs in the drinking water supply, George Klaric has elevated levels of PFOA, PFOS, and/or PFCs in plaintiff's blood.

215. Plaintiff Tonee Kinnamon currently resides at 7214 Creekfront Drive, Fountain, CO 80817. As a result of Tonee Kinnamon's exposure to elevated levels of PFOA, PFOS, and/or PFCs in the drinking water supply, Tonee Kinnamon has elevated levels of PFOA, PFOS, and/or PFCs in plaintiff's blood.

216. Plaintiff Richard Stuckey, Jr. currently resides at 7215 Alegre Circle Unit #3, Fountain, CO 80817. As a result of Richard Stuckey, Jr.'s exposure to elevated levels of PFOA, PFOS, and/or PFCs in the drinking water supply, Richard Stuckey, Jr. has elevated levels of PFOA, PFOS, and/or PFCs in plaintiff's blood.

217. Plaintiff Michael Owens, individually and as parent and natural guardian of I.O., currently resides at 7215 Dutch Loop, Colorado Springs, CO 80925 with minor child I.O. As a result of their exposure to elevated levels of PFOA, PFOS, and/or PFCs in the drinking water

supply, Michael Owens and I.O. have elevated levels of PFOA, PFOS, and/or PFCs in their blood, and Michael Owens has been diagnosed with High Cholesterol; Thyroid Problems.

218. Plaintiff Michael Owens, individually and as parent and natural guardian of A.O., currently resides at 7215 Dutch Loop, Colorado Springs, CO 80925 with minor child A.O. As a result of their exposure to elevated levels of PFOA, PFOS, and/or PFCs in the drinking water supply, Michael Owens and A.O. have elevated levels of PFOA, PFOS, and/or PFCs in their blood, and Michael Owens has been diagnosed with High Cholesterol; Thyroid Problems.

219. Plaintiff Michael Owens, individually and as parent and natural guardian of J.O., currently resides at 7215 Dutch Loop, Colorado Springs, CO 80925 with minor child J.O. As a result of their exposure to elevated levels of PFOA, PFOS, and/or PFCs in the drinking water supply, Michael Owens and J.O. have elevated levels of PFOA, PFOS, and/or PFCs in their blood, and Michael Owens has been diagnosed with High Cholesterol; Thyroid Problems.

220. Plaintiff Wayne Rockensock currently owns and resides at 7220 Loveland Ave., Colorado Springs, CO 80917. As a result of Wayne Rockensock's exposure to elevated levels of PFOA, PFOS, and/or PFCs in the drinking water supply, Wayne Rockensock has elevated levels of PFOA, PFOS, and/or PFCs in plaintiff's blood, and has been diagnosed with High Cholesterol.

221. Plaintiff Sandra Rockensock currently owns and resides at 7220 Loveland Avenue, Fountain, CO 80817. As a result of Sandra Rockensock's exposure to elevated levels of PFOA, PFOS, and/or PFCs in the drinking water supply, Sandra Rockensock has elevated levels of PFOA, PFOS, and/or PFCs in plaintiff's blood, and has been diagnosed with High Cholesterol; Thyroid Problems.

222. Plaintiff Rebecca Phillips, individually and as parent and natural guardian of A.P., currently resides at 7220 Woodstock Street, Colorado Springs, CO 80911 with minor child A.P.. As a result of their exposure to elevated levels of PFOA, PFOS, and/or PFCs in the drinking water supply, Rebecca Phillips and A.P. have elevated levels of PFOA, PFOS, and/or PFCs in their blood.

223. Plaintiff Rebecca Phillips, individually and as parent and natural guardian of E.P., currently resides at 7220 Woodstock Street, Colorado Springs, CO 80911 with minor child E.P.. As a result of their exposure to elevated levels of PFOA, PFOS, and/or PFCs in the drinking water supply, Rebecca Phillips and E.P. have elevated levels of PFOA, PFOS, and/or PFCs in their blood.

224. Plaintiff Rebecca Phillips, individually and as parent and natural guardian of O.P., currently resides at 7220 Woodstock Street, Colorado Springs, CO 80911 with minor child O.P.. As a result of their exposure to elevated levels of PFOA, PFOS, and/or PFCs in the drinking water supply, Rebecca Phillips and O.P. have elevated levels of PFOA, PFOS, and/or PFCs in their blood.

225. Plaintiff Laura Baezdiaz currently resides at 7225 Painted Rock Drive, Colorado Springs, CO 80911. As a result of Laura Baezdiaz's exposure to elevated levels of PFOA, PFOS, and/or PFCs in the drinking water supply, Laura Baezdiaz has elevated levels of PFOA, PFOS, and/or PFCs in plaintiff's blood.

226. Plaintiff Patrick Humphrey currently resides at 7228 Waterman Way, Colorado Springs, CO 80922. As a result of Patrick Humphrey's exposure to elevated levels of PFOA, PFOS, and/or PFCs in the drinking water supply, Patrick Humphrey has elevated levels of PFOA, PFOS, and/or PFCs in plaintiff's blood.

227. Plaintiff Daniel Regis, individually and as parent and natural guardian of C.R., currently owns and resides at 7230 Red Cloud Street, Colorado Springs, CO 80911 with minor child C.R. As a result of their exposure to elevated levels of PFOA, PFOS, and/or PFCs in the drinking water supply, Daniel Regis and C.R. have elevated levels of PFOA, PFOS, and/or PFCs in their blood, and Daniel Regis has been diagnosed with Hypothyroidism.

228. Plaintiff Ashley Marquardt currently owns and resides at 7230 Waterwheel Street, Colorado Springs, CO 80911. As a result of Ashley Marquardt's exposure to elevated levels of PFOA, PFOS, and/or PFCs in the drinking water supply, Ashley Marquardt has elevated levels of PFOA, PFOS, and/or PFCs in plaintiff's blood, has been diagnosed with Pregnancy Problems.

229. Plaintiff John Marquardt currently resides at 7230 Waterwheel Street, Colorado Springs, CO 80911. As a result of John Marquardt's exposure to elevated levels of PFOA, PFOS, and/or PFCs in the drinking water supply, John Marquardt has elevated levels of PFOA, PFOS, and/or PFCs in plaintiff's blood.

230. Plaintiff James Moore, Jr. currently resides at 7233 Dove Valley Place, Colorado Springs, CO 80925. As a result of James Moore, Jr.'s exposure to elevated levels of PFOA, PFOS, and/or PFCs in the drinking water supply, James Moore, Jr. has elevated levels of PFOA, PFOS, and/or PFCs in plaintiff's blood.

231. Plaintiff Christine Kander currently resides at 7233 River Bend Road, Colorado Springs, CO 80911. As a result of Christine Kander's exposure to elevated levels of PFOA, PFOS, and/or PFCs in the drinking water supply, Christine Kander has elevated levels of PFOA, PFOS, and/or PFCs in plaintiff's blood.

232. Plaintiff Todd Abrahamson currently resides at 7235 Fortman Tarrace, Fountain, CO 80817. As a result of Todd Abrahamson's exposure to elevated levels of PFOA, PFOS,

and/or PFCs in the drinking water supply, Todd Abrahamson has elevated levels of PFOA, PFOS, and/or PFCs in plaintiff's blood.

233. Plaintiff Jane Hilton currently owns and resides at 7235 Fortman Terrace, Fountain, CO 80817. As a result of Jane Hilton's exposure to elevated levels of PFOA, PFOS, and/or PFCs in the drinking water supply, Jane Hilton has elevated levels of PFOA, PFOS, and/or PFCs in plaintiff's blood, and has been diagnosed with High Cholesterol; Pregnancy Problems; Thyroid Abnormality; Thyroid Problems.

234. Plaintiff Paula Langford currently resides at 7250 Franconia Drive, Fountain, CO 80817. As a result of Paula Langford's exposure to elevated levels of PFOA, PFOS, and/or PFCs in the drinking water supply, Paula Langford has elevated levels of PFOA, PFOS, and/or PFCs in plaintiff's blood.

235. Plaintiff Jeffery Langford currently resides at 7250 Franconia Drive, Fountain, CO 80817. As a result of Jeffery Langford's exposure to elevated levels of PFOA, PFOS, and/or PFCs in the drinking water supply, Jeffery Langford has elevated levels of PFOA, PFOS, and/or PFCs in plaintiff's blood.

236. Plaintiff Krissandra Wright currently resides at 7270 Grand Valley Drive, Colorado Springs, CO 80911. As a result of Krissandra Wright's exposure to elevated levels of PFOA, PFOS, and/or PFCs in the drinking water supply, Krissandra Wright has elevated levels of PFOA, PFOS, and/or PFCs in plaintiff's blood.

237. Plaintiff Nannette Gracin currently owns and resides at 7270 Grand Valley Drive, Colorado Springs, CO 80911. As a result of Nannette Gracin's exposure to elevated levels of PFOA, PFOS, and/or PFCs in the drinking water supply, Nannette Gracin has elevated levels of PFOA, PFOS, and/or PFCs in plaintiff's blood.

238. Plaintiff Tammy Fogell currently resides at 7270 Killington St., Fountain, CO 80817. As a result of Tammy Fogell's exposure to elevated levels of PFOA, PFOS, and/or PFCs in the drinking water supply, Tammy Fogell has elevated levels of PFOA, PFOS, and/or PFCs in plaintiff's blood.

239. Plaintiff Lawrence Fogell, Jr. currently resides at 7270 Killington St., Fountain, CO 80817. As a result of Lawrence Fogell, Jr.'s exposure to elevated levels of PFOA, PFOS, and/or PFCs in the drinking water supply, Lawrence Fogell, Jr. has elevated levels of PFOA, PFOS, and/or PFCs in plaintiff's blood.

## Defendants

240. When reference is made in this Complaint to any act or omission of any of the Defendants, it shall be deemed that the officers, directors, agents, employees, or representatives of the Defendants committed or authorized such act or omission, or failed to adequately supervise or properly control or direct their employees while engaged in the management, direction, operation, or control of the affairs of Defendants, and did so while acting within the scope of their duties, employment or agency.

241. The term "Defendant" or "Defendants" refers to all Defendants named herein jointly and severally.

242. Upon information and belief, each of the Defendants are responsible, negligently, intentionally, and/or in some actionable manner, for the events and happenings referred to herein, and caused and continue to cause injuries and damages legally thereby to Plaintiffs, as alleged, either through each Defendant's own conduct or through the conduct of their agents, servants, or employees, or due to the ownership, maintenance, or control of the instrumentality causing them injury, or in some other actionable manner.

243. Defendant THE 3M COMPANY ("3M") is, upon information and belief, an American multinational corporation based in Maplewood, Minnesota and incorporated in Delaware. 3M was founded in 1902 as the Minnesota Mining and Manufacturing Company. With approximately $30 billion in annual net sales, 3M employs approximately 90,000 people, operates in approximately 70 countries, and produces more than 55,000 products. 3M does business throughout the United States, including in the state of Colorado.

244. 3M designed, manufactured, and sold AFFF used in training operations and for emergency fire-fighting situations.

245. 3M is engaged in substantial and not isolated activity in this State; all as more fully alleged herein.

246. Defendant TYCO FIRE PRODUCTS L.P., successor in interest to THE ANSUL COMPANY ("TYCO"), is a Delaware corporation having a principal place of business at One Stanton Street, Marinette, Wisconsin 54143. TYCO manufactured and currently manufactures the ANSUL brand of products, including ANSUL brand AFFF.

247. Defendant TYCO was incorporated as a limited partnership on December 15, 2000. The name and mailing address of the sole general partner is Fire Products GP Holding, Inc. Fire Products GP Holding, Inc., is a New Jersey corporation having its principal place of business at 9 Roszel Road, Princeton, NJ 08540.

248. Upon information and belief, Defendant TYCO is the successor in interest to the corporation formerly known as THE ANSUL COMPANY ("ANSUL"). This Complaint shall collectively refer to ANSUL and/or TYCO as the successor in interest to ANSUL as "TYCO/ANSUL." At all times relevant, TYCO/ANSUL designed, manufactured and sold AFFF used in training operations and for emergency fire-fighting situations.

249. Defendant BUCKEYE FIRE EQUIPMENT COMPANY ("BUCKEYE") is an Ohio corporation with its principal place of business at 110 Kings Road, Mountain, North Carolina 28086.

250. At all times relevant to the present litigation, BUCKEYE designed, manufactured and sold AFFF used in training operations and for emergency fire-fighting situations including at PAFB.

251. Defendant CHEMGUARD is a Texas corporation having its principal place of business at One Stanton Street, Marinette, Wisconsin 54143.

252. At all times relevant to the present litigation, CHEMGUARD designed, manufactured and sold AFFF used in training operations and for emergency fire-fighting situations including at PAFB.

253. Defendant NATIONAL FOAM, INC. ("NATIONAL FOAM") is a Delaware corporation having a principal place of business at 350 East Union Street, West Chester, Pennsylvania 19382. At all times relevant, NATIONAL FOAM designed, manufactured, and sold AFFF used in training operations and for emergency fire-fighting situations including at PAFB.

254. Defendant KIDDE FIRE FIGHTING, INC., f/k/a CHUBB NATIONAL FOAM, INC., f/k/a NATIONAL FOAM INC., is a Pennsylvania corporation having a principal place of business at One Carrie Place, Farmington, Connecticut. At all times relevant, KIDDE FIRE FIGHTING, INC. designed, manufactured and sold AFFF used in training operations and for emergency fire-fighting situations including at PAFB.

255. KIDDE FIRE FIGHTING, INC., is sued individually, and as successor in interest to NATIONAL FOAM, INC.

256. KIDDE PLC, INC., f/k/a WILLIAMS US INC., f/k/a WILLIAMS HOLDINGS, INC., is a Massachusetts corporation having a principal place of business at One Carrier Place, Farmington, Connecticut 06302. At all times relevant, KIDDE PLC, INC. designed, manufactured, and sold AFFF used in training operations and for emergency fire-fighting situations including at PAFB.

257. KIDDE PLC, INC., is sued individually, as a successor in interest to NATIONAL FOAM, INC.

258. Upon information and belief, WILLIAMS HOLDINGS, INC. was incorporated on October 10, 1987, and later dissolved on December 31, 1990. Upon information and belief, John F. Hannon was the CEO and Secretary of WILLIAMS HOLDINGS, INC. At all times relevant, WILLIAMS HOLDINGS, INC. designed, manufactured, and sold AFFF used in training operations and for emergency fire-fighting situations including at PAFB.

259. Upon information and belief, WILLIAMS CORPORATION was founded in 1997, and dissolved on October 26, 2000. Upon information and belief, John F. Hannon was the CEO of Williams Corporation, as well as the Treasurer of KIDDE FIRE FIGHTING, INC. prior to the dissolution of Williams Corporation.

260. Upon information and belief, WILLIAMS HOLDINGS, INC., a Delaware corporation, filed as a foreign corporation with the Massachusetts Secretary of State on June 2, 1987.

261. Upon information and belief, John F. Hannon changed the name of WILLIAMS HOLDINGS, INC. to WILLIAMS HOLDINGS US, INC., on February 12, 1998.

262. Upon information and belief, WILLIAMS HOLDINGS US, INC. became KIDDE PLC, INC. on November 15, 2000.

263. WILLIAMS HOLDINGS, INC. is named as successor in interest to NATIONAL FOAM, INC.

264. KIDDE-FENWAL, INC. is a Massachusetts corporation with its principal place of business at 400 Main Street, Ashland, Massachusetts 01721. At all times relevant, KIDDE-FENWAL, INC. designed, manufactured, and sold AFFF used in training operations and for emergency fire-fighting situations including at PAFB.

265. Upon information and belief, Fenwal, Inc. was incorporated on June 21, 1988, and later changed its name to KIDDE-FENWAL, INC.

266. Upon information and belief, the Canadian Intellectual Property Office has registered the NATIONAL FOAM trademark to KIDDE-FENWAL, INC., formerly registered to KIDDE FIRE FIGHTING, INC.

267. KIDDE-FENWAL, INC., is sued individually, and as successor in interest to NATIONAL FOAM, INC.

268. UTC FIRE & SECURITY AMERICAS CORPORATION, INC., f/k/a GE INTERLOGIX, INC., is a North Carolina corporation with its principal place of business at 3211 Progress Drive, Lincolnton, North Carolina 28092. At all times relevant, UTC FIRE & SECURITY AMERICAS CORPORATION, INC. designed, manufactured and sold AFFF used for training operations and fighting fires including at PAFB.

269. Upon information and belief, KIDDE-FENWAL, INC. is part of the UTC CLIMATE CONTROL & SECURITY unit of United Technologies Corporation.

270. UTC FIRE & SECURITY AMERICAS CORPORATION, INC., is sued individually, and as successor in interest to NATIONAL FOAM, INC.

271. NATIONAL FOAM, INC.; KIDDE FIRE FIGHTING, INC., f/k/a CHUBB NATIONAL FOAM, INC., f/k/a NATIONAL FOAM INC., individually and as successor in interest to NATIONAL FOAM, INC.; KIDDE PLC, INC., f/k/a WILLIAMS US INC., f/k/a WILLIAMS HOLDINGS, INC., individually and as successor in interest to NATIONAL FOAM, INC.; KIDDE-FENWAL, INC., individually and as successor in interest to NATIONAL FOAM, INC.; UTC FIRE & SECURITY AMERICAS CORPORATION, INC., f/k/a GE INTERLOGIX, INC.; shall collectively be referred to herein as "NATIONAL FOAM."

272. At all times relevant to the present litigation, NATIONAL FOAM designed, manufactured, and sold AFFF used in training operations and for emergency fire-fighting situations including at PAFB.

**FACTUAL ALLEGATIONS AS TO ALL COUNTS**

273. AFFF is a Class-B fire-fighting foam that is mixed with water and used to extinguish fires that are difficult to fight, including those involving hydrocarbon fuels such as petroleum or other flammable liquids.

274. AFFF is synthetically formed by combining fluorine free hydrocarbon foaming agents with surfactants. When mixed with water, the resulting solution produces an aqueous film that spreads across the surface of hydrocarbon fuel. This film provides fire extinguishment and is the source of the designation "aqueous film forming foam."

275. AFFF has the presence of fluorinated surfactants that lower the water's surface tension, essentially smothering the fire and starving it of its oxygen.

276. Some fluorinated surfactants have unique properties that cause some of the compounds to persist in the environment and toxically bioaccumulate in animals and humans.

277. AFFF was introduced commercially in the mid-1960s and rapidly became the primary fire-fighting foam in the United States and in many parts of the world.

278. Defendants 3M, TYCO/ANSUL, NATIONAL FOAM, CHEMGUARD and BUCKEYE designed, manufactured, and sold AFFF that was used at the PAFB.

279. The United States Navy first used AFFF in 1963, with the USAF commencing its use of AFFF in 1970.

280. In the foam industry, concentrates are typically referred to as "3%" or "6%" concentrate, depending on the mixture rate with water. AFFF concentrates contain about 60-90% water and have a fluorine content of about 0.3-1.8%.

281. The USAF uses 3% AFFF for its installations.

282. Fluorosurfactants used in 3M's AFFF were produced by a unique and patented process known as electrochemical fluorination ("ECF"). The ECF process resulted in a product that contains PFOS, some of which degrades into PFOA.

283. 3M was the only company to manufacture PFOS-containing AFFF.

284. In an attempt to limit liability, 3M opted to stop producing PFOS in 2002 because it was aware of the widespread contamination and the health effects on the American public associated with exposure to the contamination.

285. Like PFOS, PFOA is a man-made, manufactured chemical not found in nature. PFOA was used to make household and commercial products that resist heat and chemical reactions, and can be used to repel oil, stains, grease, and water.

286. In 1947, 3M began producing PFOA via ECF.

287. In 1951, 3M began selling its PFOA to other chemical companies, including DuPont.

288. Other companies, including Defendants TYCO/ANSUL, BUCKEYE, NATIONAL FOAM, and CHEMGUARD, began manufacturing AFFF using PFOA that they produced themselves or purchased from other companies. Defendants then sold AFFF to the USAF for use at installations across the nation, including PAFB.

289. The chemical structure of PFOA and PFOS make them resistant to breakdown or environmental degradation. As a result, they are persistent when released into the environment.

290. PFOA and PFOS have been found to bioaccumulate in humans and animals. In 2005, the United States Department of Health and Human Services found that “human exposure to PFOA and PFOS lead to the buildup of these chemicals in the body.”

291. By the early 1960s, 3M knew that PFOS and PFOA were stable, persistent in the environment, and did not degrade.

292. As a result of this persistence, PFOA can remain in the environment, particularly in water, for many years and can move through air, soil, and into groundwater.

293. Early studies showed that PFCs accumulated in the human body and were toxic.

294. 3M studies from the 1970s concluded that PFCs were “even more toxic” than previously believed.

295. 3M knew that PFOA is readily absorbed after consumption or inhalation, and it accumulates primarily in the blood stream, kidney, and liver.

296. Upon information and belief, by the 1970s, 3M knew that PFOA and PFOS were widely present in the blood of the general U.S. population. Upon information and belief, 3M concealed this knowledge from the public and government regulators, including those officials responsible for buying and supplying PAFB with AFFF.

297. In or about 1977, TYCO/ANSUL was also aware of the environmental and toxic effects of AFFF and studied whether it could develop an AFFF that produced less of an environmental impact.

298. Because of PFOA's toxicity, eight major PFOA manufacturers agreed in 2006 to participate in the USEPA's PFOA Stewardship Program. The participating companies made voluntary commitments to reduce product content and facility emissions of PFOA and related chemicals by 95% no later than 2010.

299. Human studies show associations between increased PFOA levels in blood and an increased risk of developing numerous serious medical conditions, including high cholesterol levels, changes in thyroid hormone, ulcerative colitis (autoimmune disease), pre-eclampsia (a complication of pregnancy that includes high blood pressure), and kidney and testicular cancer.

300. These injuries can arise months or years after exposure to PFOA.

301. As alleged herein, the adverse health effects observed following exposure to PFOS are the same as those observed with PFOA, meaning injuries associated with PFOS exposure and accumulation similarly manifest themselves months or years after the initial exposure.

302. Given the extreme persistence of PFOS and PFOA in the environment, these chemicals' toxicity, mobility, and bioaccumulation potential has created an ongoing and concrete threat to the health of the residents in the Communities.

**AFFF Usage at Peterson Air Force Base and the Colorado Springs Municipal Airport.**

303. Upon information and belief, Defendants each manufactured AFFF containing PFCs for sale to the DOD or the USAF with knowledge that AFFF would be used in training operations and for emergency fire-fighting situations.

304. Upon information and belief, Defendants' AFFF products were sold to and used at PAFB.

305. At any given time, the Defendants were responsible for the design, manufacture, and sale of thousands of gallons of AFFF concentrate used and stored at PAFB.

306. The AFFF was expected to and did reach PAFB without substantial change in the condition in which the Defendants sold it.

307. For decades, USAF personnel used AFFF designed, manufactured, and sold by each of the Defendants for training operations at the PAFB, including fire-fighting and explosion training.

308. Due to these training operations, AFFF was released into the surrounding air, soil, and groundwater at locations including but not limited to the current fire training area ("FTA") (1991 to date), the former FTA known as Site 5 (1960 through 1977), and the former FTA known as Site 8 (1977 to 1991).

309. AFFF was additionally introduced into the groundwater via aircraft hangers containing fire suppression systems that used AFFF. During function testing or false alarms, AFFF was permitted to enter the air, soil, and groundwater, further contaminating Plaintiffs' drinking water.

310. At PAFB, two fire stations conduct spray testing with AFFF, releasing AFFF into the soil, air, and groundwater.

311. In November 2016, the U.S. Army Corps of Engineers published "Revised Final Preliminary Assessment Report for Perfluorinated Compounds at Peterson Air Force Base," a report that confirmed the use of AFFF at PAFB and identified fire training areas at PAFB as possible sources of PFC contamination of the Communities' groundwater supply.

312. As a direct and proximate result of the failure to warn the USAF, PAFB, or the surrounding Communities, including those most sensitive to contamination, AFFF and its constituents were permitted to enter the air, soil, and groundwater, ultimately entering the Plaintiffs' bodies and properties.

313. Upon information and belief, instructions, warning labels, and material safety data sheets that Defendants provided with the AFFF did not reasonably nor adequately describe the health and environmental hazards of AFFF that Defendants knew or should have known.

**AFFF Containing PFOA and PFOS is Fungible and Commingled in the Groundwater**

314. Once AFFF containing PFOA and PFOS has been released into the environment, it lacks characteristics that would otherwise enable the identification of the company that manufactured that particular batch of AFFF.

315. Decades of manufacturing, selling, and distributing AFFF has created complex and opaque arrangements whereby Defendants regularly contract with multiple entities, including the DOD, the USAF, specific installations, and/or third-party logistic intermediaries, to sell and deliver AFFF to bases throughout the country, including to PAFB.

316. A subsurface plume, even if it comes from a single location, such as a retention pond or fire training area, originates from mixed batches of AFFF coming from different manufacturers.

317. At PAFB, AFFF from different manufacturers was used at multiple training sites over the course of many years, rendering it impossible for investigators to identify with any certainty the exact AFFF product that produced the PFOA or PFOS at issue.

318. Even if investigators could track the source of a subsurface plume to a single location at PAFB, it would be impossible to identify how an individual Defendants' AFFF

contributed to the contamination because of how AFFF was used, stored, and disposed of at those locations.

319. The case at PAFB is typical of PFOA and PFOS contamination cases generally: even though several areas were located at PAFB where the AFFF was used and entered the groundwater, neither the federal or state investigators could determine which manufacturers' AFFF containing PFOA and PFOS had contributed to the resulting groundwater contamination plume.

320. PFOA and PFOS are present in all Defendants' AFFF products.

321. Because precise identification of the manufacturer of the specific AFFF that was the source of PFOA and PFOS found in a Plaintiff's blood and groundwater is impossible, and the market for AFFF is ascertainable, Plaintiffs must pursue all Defendants, jointly and severally, for those indivisible injuries which Defendants have collectively visited upon Plaintiffs.

322. Defendants are also jointly and severally liable because they conspired to conceal the true toxic nature of PFOA and PFOS, to profit from the use of AFFF containing PFOA and PFOS, at Plaintiffs' expense, to contaminate Plaintiffs' drinking water supply, and to attempt to avoid liability for such contamination of the groundwater and poisoning of the Plaintiffs.

**MARKET SHARE LIABILITY, ALTERNATIVE LIABILITY, CONCERT OF ACTION, ENTERPRISE LIABILITY**

323. Upon information and belief, Defendants in this action are manufacturers that control a substantial share of the market for AFFF containing PFOA and PFOS in the United States and are jointly responsible for the contamination of the groundwater in the Communities and for causing the damages and injuries complained of in this Complaint.

324. Each of these Defendants participated in a state-wide and national market for AFFF containing PFOA and/or PFOS during the relevant time.

325. Market share liability attaches to all Defendants and the liability of each should be assigned according to each Defendant's percentage share of the market for AFFF-containing PFOA and/or PFOS at issue in this Complaint. As alleged in paragraphs 155-163, PFOA and PFOS is fungible; it is impossible to identify the exact Defendant who manufactured the particular AFFF containing PFOA and/or PFOS that has contaminated the air, soil or groundwater.

326. The relevant product and geographic market can be defined in this instance because the market for AFFF consists of only one buyer, PAFB via the USAF, who used this product for only one purpose, to fight fires.

327. The market for AFFF is ascertainable through standard discovery means.

328. It would be unfair to require Plaintiffs to bear the entire cost of their injuries simply because it is inherently impossible for the Plaintiffs to identify the exact Defendant that has manufactured the product that has contaminated the water supply and gives rise the injuries complained of in this action.

329. Alternatively, as a result of Defendants' participation in the fire-fighting foam industry through the production, sale, and distribution of AFFF containing PFOA and PFOS, enterprise liability attaches to all of the named Defendants for casting defective products into the stream of commerce.

## CONSPIRACY

330. Defendants actually knew of the health and environmental hazards which PFOA and PFOS posed to Plaintiffs.

331. Beginning in the 1970s and continuing through the date of this Complaint, Defendants formed joint task forces, committees and otherwise colluded for the avowed purpose

of providing information about AFFF-containing PFOA and/or PFOS to the public and to government agencies with the unlawful purpose of:

332. Creating a market for AFFF-containing PFOA and/or PFOS despite knowledge of the hazards which PFOA and PFOS posed to the groundwater in Colorado and the residents who depend on such water;

333. Concealing the environmental properties and toxic nature of PFOA and PFOS, and its impact on Plaintiffs and the environment; and

334. Maximizing profits in a way Defendants knew or should have known would result in the contamination of Plaintiffs' drinking water.

335. Defendants carried out their conspiracy by one or more of the following overt acts or omissions:

336. Intentionally representing to the DOD, USAF, USEPA and the public that AFFF containing PFOA and PFOS was safe and did not pose an environmental or human health risk;

337. Concealing the dangers of PFOA and PFOS (including toxicological information on the dangers of the chemicals to living organisms, adverse fate and transport characteristics, and the propensity of PFOA and PFOS to contaminate groundwater) from the government and the public by, among other means, repeatedly requesting that information about the dangers and health effects of PFOA and PFOS be suppressed and not otherwise published, and by downplaying any adverse findings relating to PFOA and PFOS;

338. Concealing the dangers of AFFF containing PFOA and PFOS from end users, sensitive receptors, public water suppliers, and the users and consumers of groundwater;

339. Using their considerable resources to fight PFOA and PFOS regulation; and

340. Collectively deciding to use PFOA and/or PFOS rather than other, safer surfactants because AFFF-containing PFOA and/or PFOS were the most profitable surfactant for Defendants to use.

341. As a direct and proximate result of the Defendants' above described conspiracy, PFOA and PFOS, at all times relevant to this litigation has:

342. Posed and continues to pose a health threat to Plaintiffs because it has bioaccumulated in their bodies;

343. Created the need for testing and monitoring of Plaintiffs' health for known adverse health effects of PFOA and PFOS;

344. Contaminated Plaintiffs' property, soil, and groundwater, for those with private water wells;

345. Created the need for remediation of PFOA- and PFOS- contaminated groundwater for those property owners who utilize private water wells, or, where remediation of the groundwater is impractical, installation of a system to filter out PFOA and PFOS or procurement of water from alternative sources; and

346. Diminished, and will continue to diminish, the values of Plaintiffs' properties due to past, actual, impending, or threatened contamination.

## CAUSES OF ACTION FOR INDIVIDUAL CLAIMS
## AS AND FOR A FIRST CAUSE OF ACTION: NEGLIGENCE

347. Plaintiffs hereby repeat, reallege, and reiterate each and every allegation in the preceding paragraphs as if fully restated herein.

348. This cause of action is brought pursuant to Colorado law.

349. Defendants knew or should have known that exposure to PFOA and PFOS was hazardous to human health.

350. Given that Defendants were aware of these chemicals' potential for bioaccumulation in humans as well as the links to numerous serious medical conditions, including cancer, Defendants knew or should have known that the manner in which they were manufacturing, marketing, and selling AFFF containing PFCs would be hazardous to human health.

351. Defendants knew or should have known that PFCs are highly soluble in water, highly mobile, extremely persistent in the environment, and therefore high likely to contaminate water supplies if released into the environment.

352. Defendants knew or should have known that the manner in which they were manufacturing, marketing, and selling AFFF containing PFCs would result in the contamination of the municipal and private well drinking water supplies of the Communities given their proximity to PAFB.

353. Defendants marketed and sold their products with knowledge that AFFF containing PFCs would be used in training exercises and in emergency fire-fighting situations, including at PAFB, in such a manner that these dangerous chemicals would be released into the environment.

354. Defendants marketed and sold their products with knowledge that AFFF containing toxic PFCs would be stored in fire suppressant systems and tanks on USAF Bases and at airports, including PAFB, and that such systems and storage were used and maintained in such a manner that dangerous chemicals would be released into the environment.

355. Knowing of the dangerous and hazardous properties of AFFF, and the manner in which AFFF would be used, stored, and maintained at PAFB, it was foreseeable that AFFF

would contaminate the surrounding environment, groundwater, and drinking water supplies of Fountain, Security, and Widefield, as a result of the Communities' proximity to PAFB.

356. Defendants therefore knew or should have known that safety precautions would be required to prevent the release of PFOA and PFOS into the surrounding groundwater and drinking water supplies.

357. Given the foreseeability of AFFF's release into the surrounding Communities' drinking water, Defendants should have acted reasonably by not placing inherently dangerous AFFF into the marketplace.

358. Though AFFF is effective at extinguishing otherwise difficult to fight fires, the potential for widespread and persistent contamination of municipal and private well water supplies with chemicals linked to the development of numerous serious medical conditions far outweighs any social utility gained from AFFF's fire-fighting ability.

359. The magnitude of the burden on the Defendants to guard against this foreseeable harm to Plaintiffs was minimal, as the practical consequences of placing this burden on the Defendants amounted to providing adequate instructions, proper labeling, and sufficient warnings about their AFFF products.

360. As manufacturers, Defendants were in the best position to provide adequate instructions, proper labeling, and sufficient warnings about their AFFF products.

361. Considering the factors related to risk, foreseeability, social utility, the burden of guarding against the harm, and the practical consequences of placing that burden on the Defendants, the Defendants therefore owed multiple cognizable duties to Plaintiffs.

362. Defendants had a duty not to contaminate the Plaintiffs' municipal and private well drinking water supplies, as well as the surrounding environment and groundwater, with AFFF containing PFCs.

363. Defendants had a duty to warn of the hazards associated with AFFF containing PFCs entering and poisoning the environment and groundwater.

364. As manufacturers, marketers, and sellers of AFFF, Defendants owed Plaintiffs a duty to exercise reasonable care and ensure that AFFF was manufactured, marketed, and sold in such a way that the end users of AFFF were aware of the potential harm PFOA and PFOS could cause to human health and the environment.

365. Upon learning of the release of the contaminants, Defendants owed Plaintiffs a duty to warn and notify Plaintiffs of the release of the contaminants before they injured Plaintiffs and their property and/or to act reasonably to minimize the damage to Plaintiffs and their property.

366. As such, the Defendants, acting negligently, recklessly, willfully, wantonly, and/or intentionally, breached their legal duties to Plaintiffs, causing the contamination of the municipal and private well drinking water supplies in and around the residences of Plaintiffs.

367. Defendants breached their duty to warn and notify end users of AFFF about the danger that PFOA and PFOS could enter into the environment and groundwater.

368. Defendants breached their duty to warn by failing to notify Plaintiffs in a timely manner that PFOA and PFOS had contaminated the municipal and private well drinking water supplies.

369. Defendants breached their duty not to contaminate the Plaintiffs' drinking water supplies by allowing PFOA and PFOS to be released into the municipal and private well drinking water supplies of Fountain, Security, and Widefield.

370. Defendants breached their duties to act reasonably by failing to take reasonable, adequate, and sufficient steps or actions to eliminate, correct, or remedy any contamination after it occurred.

371. Defendants' breaches of their duties were direct and proximate causes of the drinking water in both the municipal and private well supplies to become contaminated with unsafe and dangerous levels of PFOA and PFOS.

372. Defendants' breaches of their duties were direct and proximate causes of the injuries, damages, and harm the Plaintiffs have suffered to their health and property.

373. Defendants' breach of their duty to act reasonably and timely notify and warn the Communities of the presence of PFOA and PFOS in the groundwater directly and proximately prevented Plaintiffs from undertaking effective and immediate remedial measures.

374. Plaintiffs have expended and/or will be required to expend significant financial resources to test and monitor for the presence of latent diseases for many years because of Defendants' conduct.

375. Plaintiffs have expended and/or will be required to expend significant financial resources to remediate the effects of Defendants' conduct on their homes and property for many years.

376. Plaintiffs suffered foreseeable injuries and damages as a proximate result of Defendants' breach of their duties as set forth above. At the time Defendants breached their duties to Plaintiffs, Defendants' acts and/or failures to act posed recognizable and foreseeable

possibilities of danger to Plaintiffs so apparent as to entitle them to be protected against such actions or inactions.

377. Accordingly, Plaintiffs seek damages from Defendants, in an amount to be determined at trial, directly resulting from injuries to their persons and property, in a sufficient amount to compensate them for the injuries and losses sustained and to restore Plaintiffs to their original position, including but not limited to the difference between the current value of their properties and such value if the harm had not been done, the cost of repair or restoration, the value of the use of the continuous trespass, injuries to persons, including the need for medical monitoring as an element of damages, and actual, consequential, and nominal damages, flowing from the negligence that are the natural and proximate result of Defendants conduct in an amount to be proved at trial.

## AS AND FOR A SECOND CAUSE OF ACTION: MEDICAL MONITORING

378. Plaintiffs hereby repeat, reallege, and reiterate each and every allegation in the preceding paragraphs as if fully restated herein.

379. This cause of action is brought pursuant to Colorado law.

380. In Colorado, a claim for medical monitoring requires a Plaintiff to establish that: (1) Plaintiff has suffered a significant exposure to a hazardous substance through the tortious actions of defendant; (2) as a proximate result of this exposure, Plaintiff suffers from an increased risk of contracting a serious latent disease; (3) that increased risk makes periodic diagnostic medical examinations reasonably necessary; and (4) monitoring and testing procedures exist which make the early detection and treatment of the disease possible and beneficial.

381. Defendants knew or should have known that the manner in which they were manufacturing, marketing, and selling AFFF containing PFCs would result in the contamination of the municipal and private well drinking water supplies of Fountain, Security, and Widefield, due to these communities' proximity to PAFB.

382. Defendants knew or should have known that exposing humans to PFC-contaminated water would be hazardous to human health and the environment.

383. Years of consuming PFC-contaminated water has exposed the Plaintiffs to PFOA, PFOS, and potentially other toxic substances as a result of the use, storage, and discharge of AFFF at PAFB.

384. As alleged in this Complaint, given the persistence and bioaccumulative nature of PFOA and PFOS, PFOA and PFOS exposure leads to the bioaccumulation of PFOA and PFOS in the blood of humans exposed to water contaminated with PFOA and PFOS.

385. Plaintiffs have suffered an injury due to the bioaccumulation of these hazardous substances in their blood.

386. Furthermore, individuals with elevated levels of PFOA and PFOS in their blood, such as the Plaintiffs, are at a seriously increased risk of contracting numerous medical conditions, including kidney cancer, testicular cancer, ulcerative colitis, thyroid disease, pregnancy induced hypertension (including preeclampsia), and hypercholesterolemia.

387. Medical tests currently exist that can determine the level of PFOA and PFOS in the blood of an individual who has consumed PFOA- and PFOS- contaminated water.

388. Given that exposure to and bioaccumulation of elevated levels of PFOA and PFOS in an individual's blood significantly increases the risk of contracting a serious medical

condition, periodic medical examinations are both reasonable and necessary to detect latent diseases.

389. A thorough medical monitoring plan, following common and accepted medical practices, can and should be developed for Plaintiffs to assist in the early detection and beneficial treatment of the diseases that can develop as a result of exposure to and bioaccumulation of PFOA and PFOS.

**AS AND FOR A THIRD CAUSE OF ACTION: STRICT PRODUCTS LIABILITY – FAILURE TO WARN**

390. Plaintiffs hereby repeat, reallege, and reiterate each and every allegation in the preceding paragraphs as if fully restated herein.

391. This cause of action is brought pursuant to Colorado law.

392. As commercial manufacturers, sellers, and distributors of AFFF, Defendants knew or should have known that exposure to PFOA and PFOS was hazardous to human health and the environment.

393. Defendants knew or should have known that the manner in which they were manufacturing, marketing, and selling AFFF containing PFCs was hazardous to human health and the environment.

394. Defendants knew or should have known that the manner in which they were manufacturing, marketing, and selling AFFF containing PFCs would result in the contamination of the Communities' municipal and private well water supplies as a result of the Communities' proximity to PAFB.

395. AFFF's persistence, mobility, bioaccumulative potential, and PFOA's and PFOS' links to numerous serious medical conditions, are not open and obvious conditions.

396. Though Defendants knew or should have known about the seriousness of the consequences of failing to warn about the inherent dangers associated with AFFF containing PFOA and PFOS, Defendants failed to warn PAFB of the dangers inherent in the use of the product.

397. Though Defendants knew or should have known about the reasonably foreseeable hazards to human health and welfare associated with the use of AFFF containing PFOA and PFOS in the vicinity of Plaintiffs' drinking water supplies, including contamination of public drinking water and private wells with PFOA and PFOS, Defendants failed to provide adequate warnings of, or take any precautionary measures to mitigate, those hazards.

398. Defendants failed to provide sufficient warning that the use and storage of Defendants' product would cause the product to be released into the environment and cause the PFOA and PFOS contamination of the environment, groundwater, and drinking water.

399. Adequate instructions and warnings on the AFFF products could have reduced or avoided these foreseeable risks of harm to Plaintiffs, and their properties.

400. Had Defendants provided adequate warnings, Plaintiffs could have taken measures to avoid or lessen their exposure.

401. Had Defendants provided adequate warnings, PAFB could have taken measures to reduce or prevent the release of PFOA and PFOS into the environment, groundwater, and drinking water.

402. Defendants' failure to provide adequate and sufficient warnings for the AFFF that they manufactured, marketed, and sold renders the AFFF a defective product.

403. Defendants' failure to warn was a direct and proximate cause of the environmental and health impacts from PFOA and PFOS that came from the use, storage and disposal of AFFF at PAFB.

404. Defendants' failure to warn was the direct and proximate result of the contamination, leading to the diminution in the value and marketability of the properties of the Plaintiffs. Plaintiffs have suffered the need for and the cost of remediation of their properties and mitigation systems for those properties, and the cost of alterative water.

405. As a result of the contamination, Plaintiffs have lost use and enjoyment of their properties and have suffered annoyance, discomfort, and inconvenience as a consequence of the contamination of their properties by Defendants.

406. As a result of Defendants' conduct and the resulting contamination, Plaintiffs have been injured in that their exposure to PFOA, PFOS, and potentially other toxic substances has produced an increased level of PFOA and PFOS in their blood stream, leading to the bioaccumulation of PFOA and PFOS in their bodies and significantly increasing their risk of developing numerous serious medical conditions.

407. As a result of Defendants manufacture, sale, or distribution of a defective product, Defendants are strictly liable in damages to Plaintiffs.

408. Defendants' acts were willful, wanton, reckless and/or conducted with a reckless indifference to the rights of Plaintiffs.

## AS AND FOR A FOURTH CAUSE OF ACTION: STRICT PRODUCTS LIABILITY – DEFECTIVE DESIGN

409. Plaintiffs hereby repeat, reallege, and reiterate each and every allegation in the preceding paragraphs as if fully restated herein.

410. This cause of action is brought pursuant to Colorado law.

411. By virtue of manufacturing, marketing, and selling AFFF containing PFOA and PFOS, Defendants had a strict duty not to place an unreasonably dangerous product into the stream of commerce that would injure innocent bystanders in the Communities.

412. Defendants knew or should have known that exposure to PFOA and PFOS was hazardous to the environment and to human health when it, or products containing it, were used in their foreseeable and intended manner.

413. The chemical makeup of AFFF, PFOA, and PFOS underlying the product's hazardous characteristics involve the interpretation of technical, scientific information derived from research and testing.

414. Knowing of the dangerous and hazardous properties of AFFF due to research and testing, Defendants could have manufactured, marketed, and sold alternative designs or formulations of AFFF that did not contain PFOA or PFOS.

415. These alternative designs and/or formulations were already available, practical, and technologically feasible.

416. The use of these alternative designs would have reduced or prevented the reasonably foreseeable harm to persons and property resulting from Defendants' manufacture, marketing, and sale of AFFF containing PFOA or PFOS.

417. As manufacturers of AFFF, Defendants not only had the ability to alter the product in such a way that maintained the fire-fighting abilities of the product while eliminating its inherently unsafe character, but also were in the best position to do so.

418. AFFF's persistence, mobility, bioaccumulative potential, and PFOA and PFOS' links to numerous serious medical conditions, are not open and obvious conditions or part of general public knowledge of AFFF.

419. Therefore, even though AFFF is useful for fighting hard to fight fires, the inherent risks associated with its use far outweigh any fire-fighting benefits, thereby rendering AFFF unreasonably dangerous.

420. The manufacture, sale, and distribution of unreasonably dangerous AFFF renders the Defendants' product defective.

421. Defendants' defective design and formulation of AFFF is the direct and proximate cause of the environmental and health impacts from PFOA and PFOS.

422. As a result of Defendants' defective design and formulation of AFFF, the resulting contamination, the value and marketability of the Plaintiffs' property has been and will continue to be diminished. Plaintiffs have suffered the need for and the cost of remediation of their properties and/or mitigation systems for those properties, and the cost of alterative water.

423. As a direct result of the contamination, Plaintiffs have lost the use and enjoyment of their properties and have suffered annoyance, discomfort, and inconvenience as a consequence of the contamination of their properties by Defendants.

424. As a direct result of Defendants' defective design and formulation of AFFF, the Plaintiffs have been injured in that their exposure to PFOA, PFOS, and potentially other toxic substances has caused them to develop numerous serious medical conditions associated with this exposure as more fully described herein and has significantly increased their risk of developing those conditions.

425. As a direct result of Defendants' design and formulation of a defective product, Defendants are strictly liable in damages to the Plaintiffs.

426. Defendants' acts were willful, wanton, reckless and/or conducted with a reckless indifference to the rights of Plaintiffs.

**CLAIM FOR PUNITIVE DAMAGES**

427. Plaintiffs hereby repeat, reallege, and reiterate each and every allegation in the preceding paragraphs as if fully restated herein.

428. Plaintiffs assert a claim for punitive damages under C.R.S. § 13-21-102.

429. Upon information and belief, Defendants engaged in willful, wanton, malicious, and or/reckless conduct that was done without regard to the consequences or the safety of the Plaintiffs and caused the foregoing property damage, and injuries upon the persons and properties of Plaintiffs, disregarding their protected rights.

430. Defendants' willful, wanton, malicious, and/or reckless conduct includes but is not limited to Defendants' failure to take all reasonable measures to ensure Plaintiffs in the Communities did not ingest PFOA and PFOS, which Defendants knew were linked to numerous serious medical conditions.

431. Defendants have caused significant harm to Plaintiffs, including harm to the properties and water supplies of Plaintiffs and have demonstrated a conscious and outrageous disregard for their safety with implied malice, warranting the imposition of punitive damages.

**PRAYER FOR RELIEF**

432. WHEREFORE, the Plaintiffs demand judgment against Defendants, and each of them, jointly and severally, and request the following relief from the Court:

433. a declaration that Defendants acted with negligence, gross negligence, and/or willful, wanton, and careless disregard for the health, safety, and property of Plaintiffs;

434. an award to Plaintiffs of general, compensatory, exemplary, consequential, nominal, and punitive damages;

435. an order for an award of attorneys' fees and costs, as provided by law;

436. an award of pre-judgment and post-judgment interest as provided by law; and

437. an order for all such other relief the Court deems just and proper.

**JURY DEMAND**

438. Plaintiffs demand a trial by jury of any and all issues in this matter so triable pursuant to Federal Rule of Civil Procedure 38(b).

Dated: May 16, 2018

Respectfully Submitted,

**NAPOLI SHKOLNIK, PLLC**

*/s/ Patrick J. Lanciotti*
Patrick J. Lanciotti
Hunter Shkolnik
Paul J. Napoli
Louise Caro
Tate J. Kunkle
360 Lexington Avenue, Eleventh Floor
New York, NY 10017
Telephone: (212) 397-1000
E-mail: pnapoli@napolilaw.com
E-mail: hunter@napolilaw.com
E-mail: lcaro@napolilaw.com
E-mail: tkunkle@napolilaw.com
E-mail: planciotti@napolilaw.com

**MCDIVITT LAW FIRM**
Michael McDivitt
Kelly Hyman
19 East Cimarron Street
Colorado Springs, CO 80903
Telephone: (719) 471-3700
E-mail: mmcdivitt@mcdivittlaw.com
E-mail: kyman@mcdivittlaw.com